In re John R. KOLSTAD, Debtor.

UNITED STATES of America
(INTERNAL REVENUE
SERVICE), Movant,

v.

John R. KOLSTAD, Respondent.

Bankruptcy No. 87–02839–H1–11.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Jan. 4, 1989.

SUMMARY JUDGMENT OPINION

MANUEL D. LEAL, Bankruptcy Judge.

Pending before this court are two motions for summary judgment. One motion is by debtor John R. Kolstad ("Kolstad"), seeking a ruling that the proof of claim

filed by the Internal Revenue Service ("IRS") is time barred. The other is by IRS requesting that its amended proof of claim be allowed. After careful consideration of the pleadings and stipulation the court grants IRS's motion and denies debtor Kolstad's motion.

This court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157, and the order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* issued August 9, 1984 by the Chief District Judge of the Southern District of Texas. Jurisdiction over this contested matter is specifically granted to this court by 28 U.S.C. § 157(b)(2)(B) which provides that a core proceeding includes the allowance or disallowance of claims against the estate.

Both sides agree that there are no disputed issues of fact as they have stipulated all relevant facts. Kolstad filed a bankruptcy petition under chapter 11 on March 23, 1987. The Clerk of the Bankruptcy Court served an Order for Meeting of Creditors and Fixing Time for Filing Objections to Discharge and Applications to Determine Dischargeability of Debts setting a bar date of August 7, 1987 for filing proof of claims. IRS did not file its proof of claim within the time period. On the final day for filing proofs of claim debtor Kolstad filed a $20,359.71 proof of claim for IRS with this court pursuant to 11 U.S.C. § 501 and Bankruptcy Rule 3004. These allow the debtor to file a proof of claim in the name of the creditor where the creditor has not done so within thirty (30) days after expiration of the time for filing claims prescribed by Rule 3003(c). IRS then amended the proof of claim after the time period had elapsed for filing original proofs of claim by increasing it to $85,-882.67. Kolstad now objects on the ground that IRS is time barred to change the $20,-359.71 figure.

Motion for summary judgment in Bankruptcy proceedings are governed by Federal Rules of Civil Procedure 56(c), and are applicable to this proceeding pursuant to Federal Rules of Bankruptcy Procedure 7056. Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). Furthermore, the moving party has the burden of establishing that he is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Both sides agree there is no genuine issue as to any material fact and there is only one issue for this court to decide. Can the creditor amend the debtor's Proof of Claim when the creditor does not timely file a Proof of Claim under Bankruptcy Rule 3003(c) and the debtor files a Proof of Claim on behalf of the creditor under 11 U.S.C. § 501 and Bankruptcy Rule 3004? Yes under the facts of this dispute.

There is no requirement of any creditor to file a proof of claim. *In re Simmons*, 765 F.2d 547, 551 (5th Cir.1985). H.R.Rep. No. 595, 95th Cong., 1st Sess. 351 (1979), *reprinted in* 1978 U.S.Code Cong. & Ad. News 5963, 607 (hereinafter cited as House Report); S.Rep. No. 989, 95th Cong., 2nd Sess. 61, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5847 (hereinafter cited as Senate Report). 11 U.S.C. § 501 permits a creditor, or debtor in creditor's absence, to file a proof of claim where some purpose would be served. The filed proof of claim is prima facie evidence of the claim with regard to its validity and amount, unless a party in interest objects. 11 U.S.C. § 502(a), Bankr.R. 3001(f). A party in interest who does file a proof of claim is eligible to vote on a plan of reorganization and to participate in the distribution of the assets unless the claim is disallowed. Applying these principles to the stipulated facts, it is clear that the IRS does hold a valid claim entitling it to vote and receive a distribution because a valid proof of claim was timely filed on its behalf by the debtor which has not been disallowed.

On the face of the relevant stipulated facts, there is no difference between the claim filed by debtor Kolstad and the one by IRS except as to the amount. Kolstad

**494**

by having filed a claim on behalf of IRS admits IRS has a valid lien and is entitled to a distribution not to exceed $20,359.71. IRS claims an entitlement of $85,882.67. Other than the amounts there is no difference between the original and the amended proof of claim that has been brought to this court's attention. Both sides agree in essence that IRS can vote and participate in the distribution of debtor's assets. The only dispute is whether IRS can participate up to $85,882.67 instead of $20,359.71 by amending a proof of claim timely filed on its behalf by the debtor after the expiration of deadlines for filing original proofs of claims.

 Amendments to proofs of claims should in the absence of contrary equitable considerations or prejudice to the opposing party be freely permitted. *In re W.T. Grant Companies*, 53 B.R. 417 (S.D.N.Y. 1985). Amendments are not automatic but are allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery based on the same facts set forth in the original claim. *Id.* In setting a bar date, the court prescribes a statute of limitations which has been characterized as a prohibition and been viewed as peremptory. *Id.* at 420. It is wholly inappropriate to use an amendment as a device for filing, after the statutory period, a claim based on a cause of action of which no notice has been given to the debtor. *Id.* at 421. Case law holds that amendments after the bar date are to be scrutinized very closely to insure that the amendment is in fact genuine and not an entirely new claim. *Id.*

Careful consideration of the stipulated facts permissible under the rules for summary judgments clearly demonstrate no new claim being asserted by IRS. It appears in the light most favorable to debtor Kolstad that the only difference between the original proof of claim and the amended one lies in the calculations used by the parties. In fact, debtor does not appear to dispute the tax liability but only argues that an offset or credit should be applied for payments to IRS from other sources.

In other words, the basis giving rise to the tax liability is the same. Since this is all that has been presented to this court, under the law IRS' amendment must be allowed.

After careful consideration, Kolstad has failed to show that he is entitled to judgment as a matter of law, and summary judgment must be denied. A separate order is being issued.