## In re Randall Lee BISHOP, Susan Kay Bishop, Debtors.

### Bankruptcy No. 89–02263–B13.

United States Bankruptcy Court, E.D. Missouri, E.D.

Nov. 8, 1990.

John C. Maxwell, St. Charles, Mo., for debtors.

Steven LaBounty, Sp. Asst. U.S. Atty., St. Louis, Mo.

John V. LaBarge, Jr., Trustee, Kirkwood, Mo.

## MEMORANDUM OPINION AND ORDER

BARRY S. SCHERMER, Bankruptcy Judge.

### INTRODUCTION

This matter is before the Court on the Debtors' Objection to the Claim of the Internal Revenue Service of the United States of America (hereinafter the "IRS"). The Court is called upon to determine whether the IRS may amend a claim filed on its behalf by the Debtors after the claims bar date.

### JURISDICTION

This Court has jurisdiction over the subject matter of the proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. The parties have stipulated that this is a "core proceeding" which the Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157(b)(2)(B).

### FACTS

The relevant facts of this case are not in controversy. Within thirty days of the claims bar date the Chapter 13 Debtors filed a proof of claim on behalf of the IRS in the amount of $9,863.58, pursuant to Rule 3004. Within a few days thereafter, the IRS filed a proof of claim in the amount

of $14,750.03 which, the IRS asserts is an amendment to the claim filed by the Debtors. The Debtors then objected to the proof of claim filed by the IRS on the basis that such claim was filed out of time and, therefore, should be denied. The issue before the Court is whether the IRS may amend the proof of claim filed on its behalf by the Debtors pursuant to Rule 3004.

### DISCUSSION

Based upon the memoranda submitted by the parties and in consideration of the record in this matter the Court concludes that Section 501 of the Bankruptcy Code, Bankruptcy Rule 3004 and the case of *In re Kolstad*, 101 B.R. 492 (Bankr.S.D.Texas 1989) all cited to the Court by the parties are controlling on the issue presented.

Section 501(c) of the Bankruptcy Code provides that a Debtor may file a proof of claim on behalf of a creditor. Bankruptcy Rule 3004 establishes the time within which such a claim may be filed. This time period is thirty days after expiration of the time for filing claims prescribed by Rules 3002(c) or 3003(c) which ever is applicable. In *Kolstad* the IRS did not file a timely proof of claim. Pursuant to Section 501 the Debtor filed a proof of claim on behalf of the IRS. After the original time set for filing proofs of claim, the IRS attempted to amend the Debtors' proof of claim. Upon a filed objection, the Court held that such a filing was effective as an amended claim.

The Debtors argue that Bankruptcy Rule 3002(c)(1) which permits the IRS to request an extension of time within which to file its claim suggests that the holding in *Kolstad* is inappropriate. The Debtors assert that since the IRS neglected to seek such an extension of time it should be denied the ability to amend the proof of claim filed on its behalf by the Debtors.

The Court adopts the holding in *Kolstad*. In the case at bar since a portion of the scheduled debt was disputed a claim on behalf of the IRS had to be timely filed (by either the creditor or the debtor) or the scheduled debt would be binding upon the IRS. Since a timely proof of claim was filed by the Debtors on behalf of the IRS,

ordinary rules of amendment to a proof of claim are applicable. Therefore, the claim may be amended by the IRS as it has done. The Debtors position that the IRS should be barred from amending the proof of claim filed on its behalf is not supported by any equities. The "amended" proof of claim falls squarely within the time, scope and nature of the original claim filed by the Debtors. Accordingly, it is

ORDERED that Claim Number 16 of the United States of America, Internal Revenue Service be and is hereby determined to be a properly filed amendment to a timely proof of claim.