In re Jeraldine C. **HAMILTON**, Debtor.

**Bankruptcy No. 94–40539.**

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

March 30, 1995.

R. Wade Gastin, Savannah, GA, for debtor.

Sylvia Ford Brown, Chapter 13 Trustee, Savannah, GA.

## MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

A motion was filed by Georgia Higher Education Assistance ("Movant") to allow late filing of a proof of claim in the amount of Five Thousand Four Hundred Twenty-one Dollars and Ninety-four Cents ($5,421.94). Jeraldine C. Hamilton ("Debtor") opposed the motion. The motion will be denied. These findings of fact and conclusions of law are published pursuant to Fed.R.Bankr.P. 7052.

### FINDINGS OF FACT

This Chapter 13 case was filed on March 30, 1994. The section 341(a) Meeting of Creditors was held on May 2, 1994. The Court's initial notice in this case specified August 1, 1994, as the deadline for filing claims.

On August 23, 1994, Debtor filed a claim in behalf of the United States Department of Education in the amount of Three Thousand

Two Hundred Nineteen Dollars ($3,219.00). The next day, August 24, 1994, the Clerk notified the United States Department of Education of the filing of the claim.

On September 8, 1994, the motion by Movant was filed to allow late filing of a proof of claim. A hearing on the motion was held on November 11, 1994. No appearance was made by Movant. At the hearing Debtor testified that there was only one student loan debt. Debtor stated that the claim by Movant was the same claim as the one which was filed in behalf of the United States Department of Education. With no appearance from Movant, Debtor's testimony was established without rebuttal.

### CONCLUSIONS OF LAW

Rule 3004 permits a debtor to file a proof of claim on behalf of a creditor in certain circumstances. That rule provides as follows:

> If a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, the debtor or trustee may do so in the name of the creditor, within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable. The clerk shall forthwith mail notice of the filing to the creditor, the debtor and the trustee. A proof of claim filed by a creditor pursuant to Rule 3002 or Rule 3003(c), shall supersede the proof filed by the debtor or trustee.

Fed.R.Bankr.P. 3004 (West 1994).

The Bankruptcy Code also addresses debtor-filed proofs of claim, providing "If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim." 11 U.S.C. § 501(c) (West 1994).

In order for a creditor's proof of claim to supersede the debtor's, the creditor's proof of claim must be timely filed pursuant to Fed.R.Bankr.P. 3002 or 3003(c). Fed.R.Bankr.P. 3004. In this case, Movant has failed to file a timely proof of claim capable of superseding Debtor's proof of claim. Therefore, the Court must look else-where for guidance to determine if Movant's late proof of claim should be allowed.

The leading case addressing this issue is *In re Kolstad*, 928 F.2d 171, 174 (5th Cir. 1991), *reh'g denied*, 936 F.2d 571 (5th Cir. 1991), *cert. denied*, 502 U.S. 958, 112 S.Ct. 419, 116 L.Ed.2d 439 (1991). In *Kolstad*, the court attempted to provide an overall interpretation of the Bankruptcy Code, and concluded that a creditor's late claim is in the nature of an amendment to a proof of claim when the late claim is preceded by a debtor-filed claim. The court reasoned that bar dates serve only to put the debtor on notice of the participants in its bankruptcy case. *Id.* at 173–174. The court stated:

> Thus, while bar dates establish the universe of participants in the debtor's case, they have little correlation to the final relative amounts in which creditors will share any distribution. The goal of claims adjudication, on the other hand, is to assure that each creditor which is part of that universe ultimately participates in the voting and distribution from the estate in the proper amount determined by the priority and nature of its claim and bankruptcy's bargaining process.

*Id.* at 174.

The court went on to state:

> The fact that § 501(c) and Rule 3004 may be invoked to force IRS to participate in the reorganization process does not mean that Kolstad also gains unilateral control of the amount of IRS's claim. If a Rule 3004 proof of claim permitted a debtor to fix beyond challenge the amount of the involuntary participant's claim, the debtor would also control that creditor's share of the distribution from his estate. Such an interpretation of Rule 3004 carries a serious potential for abuse, because it would foster the deliberate filing of a very low claim on behalf of a creditor. This perverse incentive is, however, not inherent in Rule 3004.

*Id.* at 174.

The court used this "serious potential for abuse" to interpret Rule 3004 as only referring to the creation of the realm of creditors participating in the case, and irrele-

vant to the ultimate determination of the rights of creditors in the case. *Id.* at 174. Once the creditor's participation is established by the debtor-filed claim, the creditor is then free to amend the proof of claim along the same guidelines as the amendment of a timely filed proof of claim. *Id.* at 175. The court therefore in effect allowed the creditor's proof of claim to "supersede" the debtor's claim by amendment where such a superseding claim is limited by the Bankruptcy Rules to timely filed claims.

The terms of Rule 3004 do not address a creditor's ability to amend a proof of claim filed by a debtor. The *Kolstad* court appears to be concerned with the perceived harsh effect of not allowing a creditor to amend a debtor-filed proof of claim. Thus, it seems appropriate to begin this with a review of the effect of the failure of a creditor to file a timely proof of claim.

■ Due process plays an important role in determination of the effect of failure to file a proof of claim. A non-filing creditor with notice of the bankruptcy case may have its claim discharged in bankruptcy in accordance with the terms of the debtor's plan. The confirmation of a plan of reorganization or the granting of a discharge in bankruptcy has the effect of a prior judgment for purposes of res judicata. *Bowen v. United States (In re Bowen)*, 174 B.R. 840 (Bankr. S.D.Ga.1994) (citing *Stoll v. Gottlieb*, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938); *Miller v. Meinhard–Commercial Corp.*, 462 F.2d 358 (5th Cir.1972); *American Surety Co. of New York v. Coral Gables First National Bank (Matter of Constructors of Florida, Inc.)*, 349 F.2d 595 (5th Cir.1965)). Accordingly, any issues which were or could have been raised at the confirmation hearing of a debtor's plan are res judicata. Put simply, the creditor in such a case must accept the treatment the debtor provides for its claim.

■ A non-filing creditor without notice of bankruptcy will not have its claim discharged in bankruptcy. Due process under the Fifth Amendment to the United States Constitution prevents actions taken against the interests of a creditor without notice. *Bowen* at 849 (citing *Southtrust Bank of Alabama v. Thomas (In re Thomas)*, 883 F.2d 991 (11th Cir.1989)). The Code additionally specifies at 11 U.S.C. § 523(a)(3) that creditors without sufficient notice to file a proof of claim or discharge objection may not have their claims discharged in bankruptcy.

■ Due process and res judicata work together to protect creditors without notice from being bound to the terms of a plan while binding creditors with notice who elect not to take part in the bankruptcy process. The "perverse incentive" and "serious potential for abuse" identified by the *Kolstad* court in connection with the ability of a debtor to bind a creditor to the terms of a plan seems to be nothing more than the natural effect of a confirmed plan. As this Court stated in *Bowen*, "Where a creditor has failed to file a claim, and where the debtor also fails to provide for the claim in the plan of reorganization, due process will prohibit the vesting of the property in the debtor free and clear of the creditor's interest." *Id.* at 850 (citing *Thomas* at 996–999). Where a non-filing creditor with notice is provided for in a plan, such creditor is bound by the terms of the plan. *Bowen* at 850–851. Rather than being "perverse," this outcome is essential to ensure some degree of finality to the bankruptcy process. Where a creditor fails to file a proof of claim despite notice, equity favors ensuring finality of the proceedings over a creditor's right to litigate delinquent claims.

■ Creditors are not without remedy if the debtor should file a proof of claim on their behalf in an incorrect amount. If the creditor failed to receive notice of the bankruptcy, due process may protect the creditor's claim from being discharged by the debtor. If the creditor feels that the debtor purposefully filed the proof of claim in an inaccurate amount in bad faith or as an abuse of the bankruptcy process, such a finding may provide grounds for dismissal of the debtor's case.[1] 11 U.S.C. § 1325(a)(3); *c.f. Shell Oil Co. v. Waldron (In re Waldron)*,

---

1. No party has raised bad faith as an issue in this case, and the Court makes no findings in this regard.

785 F.2d 936 (11th Cir.1986), *cert. dismissed*, 478 U.S. 1028, 106 S.Ct. 3343, 92 L.Ed.2d 763 (1986) (plan filed for sole purpose of rejecting an option agreement warranted dismissal for bad faith). The Court need not read into Rule 3004 terms which are not part of the Rule in order to protect creditors from unscrupulous debtors, as did the court in *Kolstad*.

Additionally, the *Kolstad* court based its arguments regarding policy on an inaccurate statement of the law addressing late proofs of claim. The *Kolstad* court stated "A creditor who fails to file its proof of claim before the bar date, and who fails timely to request an extension of time to file, see Bankruptcy Rule 9006(b), may not file a late claim and participate in the voting or distribution from the debtor's estate." *Id.* at 173. It is true that Rule 9006(b) gives the court discretion to extend a time deadline before expiration of such deadline. It is also true that the second part of Rule 9006(b) states that the court may allow an act to take place after a deadline where the failure to act was due to excusable neglect. Fed.R.Bankr.P. 9006(b). There are cases where excusable neglect is not a consideration and where the Bankruptcy Rules state the conditions for allowing a late filed proof of claim. The *Kolstad* court's pronouncement, while technically correct in some circumstances, is incorrect as a blanket statement of the law.

■ The allowance of late filed proofs of claim has generated a significant amount of case law. The Eleventh Circuit Court of Appeals has held that failure to file a proof of claim by the bar date bars a creditor from participating in the bankruptcy case "unless it [the creditor] could establish sufficient grounds for the filing of a late proof of claim." *Biscayne 21 Condominium Assoc., Inc. v. South Atlantic Financial Corp. (In re South Atlantic Financial Corp.)*, 767 F.2d 814, 817 (11th Cir.1985). Sufficient grounds are defined by Rule 9006(b). *Id.* at 817. Rule 9006(b) provides:

(b) Enlargement.

(1) In General. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

(2) Enlargement Not Permitted. The court may not enlarge the time for taking action under Rules 1007(d), 1017(b)(3), 2003(a) and (d), 7052, 9023, and 9024.

(3) Enlargement Limited. The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules.

Bankruptcy Rule 9006(b)(1) (West 1994).

■ As indicated by Rule 9006(b), a creditor's excusable neglect is only relevant if the Bankruptcy Rules give the Court discretion to consider excusable neglect. While the court in *South Atlantic* was able to address the issue in terms of excusable neglect, such a standard is reserved for the consideration of late claims in Chapter 11 cases. In a case filed under Chapter 13, proofs of claim are filed pursuant to Rule 3002(c). In such a case, Rule 9006(b)(3) limits the discretion of the court to allow a late proof of claim to those conditions contained in Rule 3002(c). Rule 3002(c) provides:

(c) Time for Filing.

In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to 341(a) of the Code, except as follows:

(1) On motion of the United States, a state, or subdivision thereof before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the United States, a state, or subdivision thereof.

(2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

(3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

(4) A claim arising from the rejection of an executory contract or unexpired lease of the debtor may be filed within such time as the court may direct.

(5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

(6) In a chapter 7 liquidation case, if a surplus remains after all claims allowed have been paid in full, the court may grant an extension of time for the filing of claims against the surplus not filed within the time hereinabove prescribed.

Bankruptcy Rule 3002(c) (West 1994).

■ The six enumerated exceptions contained in Bankruptcy Rule 3002(c) are the exclusive means available to a creditor with notice of the bankruptcy proceedings to file a late proof of claim. *Matter of Jones,* 154 B.R. 816 (Bankr.M.D.Ga.1993) (the excusable neglect standard only applies to cases under Chapter 11 of the Bankruptcy Code). In the case of *Zidell, Inc. v. Forsch (In re Coastal Alaska Lines, Inc.),* 920 F.2d 1428 (9th Cir. 1990) the court elaborated upon the relationship between Bankruptcy Rules 9006 and 3002 stating:

Rule 9006(b) plainly allows an extension of the 90–day time limit established by Rule 3002(c) only under the conditions permitted by Rule 3002(c). Rule 3002(c) identifies six circumstances where a late filing is allowed, and excusable neglect is not among them. Thus, the 90–day deadline for filing claims under rule 3002(c) cannot be extended for excusable neglect.

The *Coastal Alaska* court went on to survey the majority of case law on the subject, and agreed with the holding that " 'Bankruptcy Rule 3002(c) is peremptory and that a bankruptcy court lacks any equitable power to enlarge the time for filing a proof of claim unless one of the six situations in Rule 3002(c) exists.' " *Id.* at 1432 (quoting *In re S.A. Morris Paving Co.,* 92 B.R. 161, 163 (Bankr.W.D.Va.1988)).

■ Movant has not shown that it falls within any of the exceptions to the deadline provided by Rule 3002. The Court does not have the discretion to consider excusable neglect. Bankruptcy Rule 9006(b)(3); *Jones v. Arross,* 9 F.3d 79 (10th Cir.1993). Movant, therefore, may not file a late proof of claim in this case pursuant to the Bankruptcy Rules governing late proofs of claim.

■ Under the facts of this case, Movant is not without recourse.[2] In a Chapter 13 case, 11 U.S.C. § 1328 specifies which types of debt may be discharged. It appears from a strict interpretation of section 1328(c)[3] that debts of the kind specified in section 523(a) would not be discharged, regardless of the provision for payment of the debts in the plan or the actual payment of claims to such creditors. The payment of these claims under Chapter 13 plans, whether filed by the creditor or debtor, is nothing

---

**2.** The Court does not make any findings regarding the dischargeability of the instant debt.

**3.** Section 1328(c) provides:

(c) A discharge granted under subsection (b) of this section discharges the debtor from all unsecured debts provided for by the plan or disallowed under section 502 of this title, except any debt—

(1) provided for under subsection 1322(b)(5) of this title; or

(2) of a kind specified in section 523(a) of this title.

11 U.S.C. § 1328(c) (Law.Co-op.1994).

more than an accommodation to the debtor which makes it possible for the debtor to be financially rehabilitated at the conclusion of the plan by either receiving a discharge as to dischargeable debts regardless of whether they are paid in full or, as might be the case here, by fully paying the debt of a creditor whose claim was otherwise nondischargeable. *In re Kloeble,* 112 B.R. 379 (Bankr.S.D.Cal. 1990) (the debtor may force a creditor to participate in a bankruptcy case by filing a claim on the creditor's behalf, but nondischargeable debts may be pursued after bankruptcy to the extent they have not been satisfied in bankruptcy). If payment of the debtor-filed claim does not fully pay the debt, Debtor may find her financial rehabilitation to be incomplete. Without regard to Debtor's financial rehabilitation, 11 U.S.C. § 523(c)(1) provides that debt of the kind specified in 11 U.S.C. § 523(a)(8) need not be proved in bankruptcy in order for a creditor to pursue the nondischargeable debt after Debtor receives her discharge. While Movant is bound to the payment schedule contained in Debtor's plan, Movant may pursue any deficiency should the debt later be proved to be nondischargeable under section 523(a)(8) of the Code.

 In sum, non-filing creditors must accept the treatment provided for their claims by the debtor's plan unless the creditor was not given proper notice. A non-filing creditor with notice does not lose any rights in bankruptcy where a debtor files a proof of claim on its behalf. Such a creditor does not obtain the right to file an otherwise untimely claim simply because the debtor has provided for the creditor by filing a claim for the creditor in an amount which the creditor contests.

 The effect of a failure to file a proof of claim is that a creditor's debt, with notice, may be discharged under the terms provided for by the debtor. The question of whether the debt is discharged is unrelated to the claims allowance process. The ability of a debtor to file a proof of claim for a creditor is merely an accommodation to the debtor. A debtor is under no obligation to file a claim on a creditor's behalf. Assuming proper notice, the non-filing creditor would be barred from participating in the bankruptcy case and would have to be satisfied with whatever payment the debtor provided unless the creditor could evoke the provisions of the Bankruptcy Rules which allow a late filed proof of claim. To the extent that the *Kolstad* court was concerned with equity, the above cited authority shows that the Court is limited in its ability to allow late proofs of claim on equitable grounds.

This Court declines to adopt the rationale proposed by *Kolstad,* and concludes instead that the only option is to analyze Movant's motion as a motion to allow a late filed claim. For the reasons stated here, that motion must be denied.

An order in accordance with this memorandum opinion will be entered on this date.