In re Sarah A. GOODWIN, Debtor.

Bankruptcy No. 93–41177.

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

June 12, 1995.

R. Wade Gastin, Savannah, GA, for debtor.

G. Alfred Brunavs, Atlanta, GA, for movant.

Sylvia Ford Brown, Chapter 13 Trustee, Savannah, GA.

## MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter is before the Court on Motion to Allow Late Proof of Claim filed in this case by Premier Financial Services Company ("Movant"). This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(B) and (G). For the following reasons, the Court will deny the motion. These findings of fact and conclusions of law are published in compliance with Fed.R.Bankr.P. 7052.

## FINDINGS OF FACT

This Court's Notice of Bankruptcy dated July 14, 1993, advised creditors and parties at interest of the filing of this case and established November 1, 1993, as the deadline for filing proofs of claim. A timely claim for this creditor was not filed either by the creditor or in behalf of this creditor by the Debtor. Movant now seeks to assert a secured claim for One Thousand Four Hundred Six Dollars and Sixty-eight Cents ($1,406.68) in this bankruptcy case based on a prepetition real estate arrearage.

Notice of hearing was issued on March 9, 1995, advising creditors and parties at interest of the motion and setting the hearing date. The notice also advised such entities that the dividend to unsecured creditors would be reduced from 19.4 percent to 10.26

percent in the event the motion to allow the late claim was granted. No party objected to the allowance of Movant's claim. A hearing was held on April 27, 1995. Debtor consented to the filing of the late claim but refused to increase the payments into the plan in order to maintain the dividend of 19.4 percent which was established by the Court's confirmation order dated February 24, 1994.

## CONCLUSIONS OF LAW

▆▆▆ The relief Movant seeks raises issues regarding the allowance of late proofs of claim as well as the modification of a confirmed plan of reorganization. It appears the authority of the Court to allow a late claim in Chapter 13 cases is limited. *See In re Hamilton,* 179 B.R. 749 (Bankr.S.D.Ga. 1995). Contrary to Movant's assertions, excusable neglect is not a legitimate consideration. *Id.* The ability of the Court to allow late claims is circumscribed by the relevant portions of the Bankruptcy Code and Rules. *Id.*

▆▆▆ Debtor argues that no unsecured creditor has objected to the filing of the late claim in response to the Court's notice. This raises an interesting question which is fundamental to bankruptcy administration. Various motions and administrative matters are often noticed to creditors and approved in the absence of objection. Much of the routine administration of bankruptcy cases occurs pursuant to this procedure. However, the important distinction to make between this case and the routine business of the Bankruptcy Court is that matters which are noticed and approved without objection are such matters as the Court is authorized to approve in the first instance. As an example, the Court might determine that a request for abandonment of property filed by a party could be approved without a hearing in the absence of objection.[1] In such a case, the Court would have authority to approve the request, even if there were an objection.

In this case, the confirmation dividend is established and cannot be varied except by way of a modification to Debtor's Chapter 13 plan. Where the debtor and creditor are in agreement for the late claim to be filed, and where the debtor is willing to modify the plan to increase the payments into the plan in order to maintain the confirmation dividend, no party is harmed by allowing the late proof of claim.[2] Such an adjustment is not inconsistent with either the debtor's obligations or creditors' expectations under the confirmed plan. But where the debtor proposes to allow the late claim by agreement with the creditor with the result that the dividend to unsecured creditors is decreased, the Court is powerless to approve the agreement and reduce the confirmed dividend, even in the absence of objection by unsecured creditors. The lack of objection cannot be interpreted as a willingness on the part of unsecured creditors to approve a modification of the Chapter 13 plan in the absence of an actual modification filed in accordance with the Code and Rules.[3] In this case, there would be prejudice to unsecured creditors by allowing the claim because Debtor refuses to increase the payments into the plan to maintain the dividend.

---

1. The term "after notice and a hearing" is defined in 11 U.S.C. § 102(1) as follows:

    102. Rules of construction
    In this title—
    (1) "after notice and a hearing", or a similar phrase—
    (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
    (B) authorizes an act without an actual hearing if such notice is given properly and if—
    (i) such a hearing is not requested timely by a party in interest; or
    (ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act;
    11 U.S.C. § 102(1) (West 1994).

2. A creditor objecting to the modification of a confirmed plan must demonstrate prejudice in order to possess standing to object. *In re Eason,* 178 B.R. 908, 911 (Bankr.M.D.Ga.1994) (*citing In re Stage,* 79 B.R. 487 (Bankr.S.D.Cal.1987)).

3. It appears that Movant is not the holder of an allowed unsecured claim, the debtor, or the trustee, and therefore also lacks standing under section 1329 to seek a modification of Debtor's plan. 11 U.S.C. § 1329(a).

Accordingly, the Motion to Allow Late Claim will be DENIED.

An order in accordance with this memorandum opinion will be entered on this date.

### ORDER

A Motion to Allow Late Claim has been filed by Premier Financial Services Company. For the reasons stated in the memorandum opinion published pursuant to Fed.R.Bankr.P. 7052, it is hereby

ORDERED that the motion is hereby DENIED.

SO ORDERED.