**In re David Hiebert KLASSEN, Jr., and Marlana Denise Eden– Klassen, Debtors.**

**Bankruptcy No. 92–22226–13.**

United States Bankruptcy Court, D. Kansas, Kansas City Division.

Nov. 5, 1998.

Steven R. Rebein of Grimes & Rebein, L.C., Lenexa, KS, for the Klassens.

N. Larry Bork of Goodell, Stratton, Edmonds & Palmer, L.L.P., Topeka, KS, for Educational Credit Management Corporation.

### *MEMORANDUM OPINION* [1]

JOHN T. FLANNAGAN, Bankruptcy Judge.

Having completed payments in their Chapter 13 plan, the Klassens maintain that their discharge canceled several student loan obligations. The original lender, Higher Education Assistance Foundation ("HEAF"), assigned the loans to Educational Credit Management Corporation. Both the Klas-

sens and Educational Credit Management Corporation filed motions for summary judgment.[2] The Court denies the Klassens' motion and grants partial summary judgment for Educational Credit Management Corporation.

### Facts

The facts are undisputed.[3] In the schedules accompanying their petition filed October 23, 1992, the Klassens listed HEAF as a creditor holding a $7,000 claim. The Klassens' plan proposed to pay HEAF: "($7,000.00) To be paid 100%, pro rata." [4]

HEAF, in turn, timely filed three proofs of claim totaling $13,826.63 for student loans made to David Klassen. The Klassens objected, claiming the attachments to the proofs were illegible and that the amount owed was $7,000, not $13,826.63.[5] On June 17, 1993, the Klassens sent HEAF a notice of their objection. The notice advised HEAF that if it failed to file a written response to the objection by July 15, 1993, the Klassens would cause an order to be entered sustaining their objection; but if HEAF filed a written response by that date, a hearing would be held on July 20, 1993. This notice adopted the procedure commonly referred to as notice with "opportunity for a hearing" authorized by § 102(a). The notice further provided that if a written response were filed by the deadline, a hearing would be held on July 20, 1993, at 1:30 p.m. Although HEAF received the notice, it failed to respond in writing to the objection by July 15 or to appear on July 20, 1993. No actual hearing was held on July 20, 1993; rather, when HEAF failed to object by July 15, the Klassens submitted a proposed order stating that "the proof of claims [sic] filed by HEAF are disallowed and allowed as an unsecured claim

---

**1.** The Klassens appear by their attorney, Steven R. Rebein of Grimes & Rebein, L.C., Lenexa, Kansas. Educational Credit Management Corporation appears by its attorney, N. Larry Bork of Goodell, Stratton, Edmonds & Palmer. L.L.P., Topeka, Kansas.

**2.** The Court finds that this contested matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and that the Court has jurisdiction under 28 U.S.C. § 1334 and the general reference order of

the District Court effective July 10, 1984 (D. Kan Rule 83.8.5).

**3.** Stipulated Facts filed November 17, 1997.

**4.** Chapter 13 Plan filed October 23, 1992, at 1; Order Confirming Plan filed January 29, 1993.

**5.** Debtors' Objection to Claim Numbers 4, 5, and 6 filed June 17, 1993.

for $7,000." [6] The Clerk then presented the Klassens' proposed order to the Court for signature along with other uncontested orders, and the Court signed the order.[7]

The case proceeded through confirmation without objection from HEAF and after completing all plan payments, the Klassens received a Chapter 13 superdischarge under § 1328(a) on December 11, 1995.[8] After the discharge, Educational Credit, which had by this time succeeded to the claims, attempted to collect the remaining balance of the student loans.[9] As of October 1997, Educational Credit claimed that David Klassen owed principal of $8,178.98 with interest accruing at $1.71 per day.[10] In response, the Klassens reopened their bankruptcy case and initiated this contested matter.[11]

### Contentions

In their motion for summary judgment, the Klassens postulate that David Klassen's liability on the student loans was conclusively adjudicated to be $7,000 when the Court allowed HEAF's claims in that amount. Although the Klassens recognize the nondischargeability of the student loan claim under 11 U.S.C. § 523(a)(8), they submit that their payment of the allowed claim through the confirmed plan satisfied all of the loans.[12] They insist that the allowance order fixed the maximum amount of David's liability to Educational Credit and that Educational Credit became bound by the order that it failed to appeal.

Asserting entitlement to summary judgment, Educational Credit contends that while the Court's order determined how the proofs of claim would be treated in the plan, it did not either adjudge or discharge David Klassen's liability on the loans. Stressing that neither party sought a dischargeability ruling under § 523(a)(8), Educational Credit requests a finding of nondischargeability and authorization to collect the remaining claim in a specified amount of principal and interest.[13]

### Discussion

A proof of claim is deemed allowed unless objected to:

A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.[14]

And a properly filed proof of claim is presumed valid and correct in amount:

**Evidentiary Effect.** A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.[15]

Finally, a claimant is entitled to 30 days' prior notice of a hearing on an objection to a proof of claim:

An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Fed. R. Bankr.P. 7001, it becomes an adversary proceeding.[16]

---

**6.** Order on Debtors' Objection to Claims filed July 20, 1993, at 1.

**7.** Order on Debtors' Objection to Claims filed July 20, 1993.

**8.** Order Discharging Debtor After Completion of Chapter 13 Plan filed December 11, 1995.

**9.** Loan Statement attached as Exhibit "C" to Debtors' Motion to Determine Whether Debt Has Been Fully Paid filed May 12, 1997.

**10.** Stipulated Facts filed November 17, 1997, at 1.

**11.** Debtors' Motion To Reopen Case filed April 3, 1997; Order Granting Debtors' Motion To Reopen Case filed April 21, 1997.

**12.** David Hiebert Klassen, Jr.'s Motion for Summary Judgment filed December 1, 1997.

**13.** Educational Credit Management Corporation's Motion for Summary Judgment filed November 26, 1997.

**14.** 11 U.S.C. § 502(a).

**15.** FED. R. BANKR. P. 3001(f).

**16.** FED. R. BANKR. P. 3007

▮ Under this procedure, a claimant holds a valid claim until an objector presents evidence to the contrary. The objector has the initial burden of going forward with evidence on the issues of validity and amount of the claim. If the objector's evidence overcomes the prima facie effect of the claim, the burden of persuasion shifts back to the claimant who must then prove by a preponderance of the evidence that the debtor is liable on the claim.

▮ Rule 3007 requires an objecting party to mail or otherwise deliver a copy of the objection to the claimant "with notice of the hearing thereon" and to do so "at least 30 days prior to the hearing." The words "after notice and a hearing," which signify the opportunity-for-a-hearing procedure of § 102, do not appear in Rule 3007. Thus, neither the Code nor the Rules require a claimant to respond in writing to a proof of claim objection as the Klassens' notice purported to require. Nevertheless, HEAF did receive the required 30 days' notice of a hearing on the objection to its proofs of claim.

Since there was no hearing, the Klassens presented no evidence showing whether or not David was liable on the several proofs of claim that HEAF had filed. Rather, by tendering their proposed order, the Klassens, in effect, conceded that David owed $7,000 on the student loans and that they were willing to repay that amount in their plan. By signing the Klassens' proposed order allowing the claims as unsecured in the amount of $7,000, the Court merely accommodated the Klassens.[17] This accommodation enabled the Klassens to work toward financial rehabilitation by paying the $7,000 claim through their Chapter 13 plan.[18] In setting the amount of the claim at $7,000, the Court merely allowed a claim for purposes of payment from the estate without deciding David's liability on the three otherwise nondischargeable claims.

The Klassens' argument would have more force if they had presented evidence strong enough to negate David's liability on HEAF's several claims. Under these circumstances, the burden of persuasion would have shifted back to HEAF; but having failed to appear, HEAF could not have carried its burden to show liability beyond $7,000. The Klassens would then have had a better basis for saying that the Court had actually adjudicated the state law liability questions underlying HEAF's claims. The Court would then have had to address the vexing question of its power to decide with finality state law liability issues in the context of claim allowance. But having foregone an evidentiary hearing by using the "opportunity for hearing" procedure, and having failed to shift the burden of persuasion to HEAF with evidence on the liability issue, the Klassens cannot be heard to say that the Court has adjudicated HEAF's substantive state law contract rights against David.

From HEAF's perspective, the ruling allowed HEAF to participate in bankruptcy distributions to the extent of $7,000. HEAF, however, still holds a self-executing, presumedly nondischargeable claim that remains collectable outside bankruptcy should some court would find it enforceable against David Klassen.[19] As the holder of a nondischargeable claim, HEAF was not required to seek repayment through the bankruptcy estate.[20]

The Klassens' confirmed Chapter 13 plan provided for 100 percent payment of the $7,000 claim to HEAF. The plan contained no provision for making any part of the student loan dischargeable.[21] The Klassens, in fact,

---

17. *In re Hamilton,* 179 B.R. 749, 755–56 (Bankr. S.D.Ga.1995).

18. *Id.* at 756.

19. 11 U.S.C. §§ 1328(a)(2), 523(a)(8); *Great Lakes Higher Educ. Corp. v. Pardee (In re Pardee),* 218 B.R. 916, 922 (9th Cir. BAP 1998); *Buford v. Higher Educ. Assistance Foun.,* 85 B.R. 579, 582 (D.Kan.1988).

20. *Great Lakes Higher Educ. Corp. v. Pardee (In re Pardee),* 218 B.R. at 921, 922; *In re Hamilton,*

179 B.R. at 756; *In re Shelbayah,* 165 B.R. 332, 335 (Bankr.N.D.Ga.1994).

21. The lack of any plan provision on the dischargeability of the student loan removes this matter from the purview of *Andersen v. Higher Educ. Assistance Found. (In re Andersen),* 215 B.R. 792 (10th Cir. BAP 1998). In *Andersen,* the debtor's Chapter 13 plan provided for payment of 10 percent of the amounts owed on several student loans. The plan further specified that confirmation would constitute a finding that payment of the remaining balance of the student

recognize the nondischargeability of the student loan and have never brought dischargeability determination proceedings.[22]

If David Klassen is liable to Educational Credit for $13,826.63, the Klassens' payment of the $7,000 through their plan partially satisfied that debt. David Klassen is accordingly entitled to a credit in that amount against any liability he may have to Educational Credit on the student loans. In spite of the Klassens' superdischarge for completing all plan payments, any remaining liability on the nondischargeable student loan claims remains unsatisfied and is presumed nondischargeable. Accordingly, Educational Credit is entitled to recourse against the Klassens personally outside bankruptcy, if it can convince some court that David is liable on the loans.[23]

### Conclusion

When both parties seek summary judgment, the Court evaluates the motions and applies the same standards set forth in FED. R. CIV. P. 56 as incorporated through FED. R. BANKR. P. 7056. Under this standard, each party must demonstrate the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[24] Accordingly, the Court denies the Klassens' motion for summary judgment and grants partial summary judgment for Educational Credit Management Corporation determining that the student loan claims are nondischargeable.

This Memorandum shall constitute findings of fact and conclusions of law under FED. R. BANKR. P. 7052 and FED. R. CIV. P. 52(a). A judgment reflecting this ruling shall be entered on a separate document in compliance with FED. R. BANKR. P. 9021 and FED. R. CIV. P. 58.

IT IS SO ORDERED.

loans would impose an undue hardship on the debtor and that the loans would be dischargeable. The student loan creditors failed to timely object to confirmation, and the plan was confirmed. The 10th Circuit B.A.P. held that the confirmed plan conclusively determinated that the balance of the student loans was dischargeable after the debtor paid 10 percent of the obligations under the plan. Therefore, once the debtor completed her plan payments, she was discharged from all further obligations on her student loans. The *Andersen* holding is inapplicable here because the Klassens' confirmed plan made no attempt to predetermine dischargeability.

22. David Hiebert Klassen, Jr.'s Motion for Summary Judgment filed December 1, 1997, at 2, ¶ 1.

23. *In re Hamilton*, 179 B.R. at 756.

24. *Wagner v. Ohio Student Loan Comm'n (In re Wagner)*, 200 B.R. 160, 162 (Bankr.N.D.Ohio 1996).