**In re Cary Scott HILL, Debtor.**

**No. 00–14058DWS.**

United States Bankruptcy Court, E.D. Pennsylvania.

Dec. 4, 2002.

---

John Francis Murphy, Esquire, Doylestown, PA, for Debtor.

Leslie Puida, Esquire, Goldbeck, McCafferty & McKeever, Philadelphia, PA, for Movants.

Edward Sparkman, Esquire, Philadelphia, PA, Chapter 13 Trustee.

Dave P. Adams, Esquire, Office of the U.S. Trustee, Philadelphia, PA, United States Trustee.

### *MEMORANDUM OPINION*

DIANE WEISS SIGMUND,
Bankruptcy Judge.

Before the Court is the Objection ("Objection") of the debtor Gary Scott Hill ("Debtor") to the claim of Matrix Financial Services Corp. ("Matrix"), the holder of the mortgage on Debtor's residential real property. For the reasons that follow, the Objection will be sustained.

### BACKGROUND

On March 30, 2000, when Debtor commenced his bankruptcy case, he filed Schedules listing Matrix as his only secured creditor and listing its claim in the

amount of $88,000. On the same date, Debtor filed a Chapter 13 plan, which he served on Matrix, providing for "[f]ull payment on the secured arrearage claims" and further stating:

> Holders of allowed secured claims shall retain the liens securing such claims and shall be paid in full on arrearages. The mortgage will be reinstated upon the payment in full by the debtor, through the Chapter 13 trustee's disbursements, of the pre-petition default on the mortgage and on the payment by the debtors of all post-petition payments being paid. The pre-petition default will be cured over the term of the plan.

Exhibit D–7.

On August 28, 2000, Debtor filed a secured claim on Matrix's behalf in the amount of $88,000, the arrearage component of which was $4,000. Exhibit D–6. One month later, on September 28, 2000, Debtor's plan was confirmed with the above-stated language proposing to cure Matrix's arrears over the life of the plan.

Approximately two months later on December 13, 2000, Exhibit D–9, Matrix filed its own proof of claim listing the total amount of its claim as $105,692.37 and the arrears at $16,853.33. Exhibit D–2. Debtor objects to Matrix's claim on the ground that it was filed late and seeks an order striking the claim in full. In the alternative, Debtor seeks an order reducing both the total amount of the claim and the arrearage amount.[1] While Matrix did not file a response to the Objection, at the hearing it disputed Debtor's contention regarding the arrearage amount. In addition, in its response to Debtor's Motion to Modify Plan, Matrix stated that its Proof of Claim constitutes an amendment to the Proof of Claim which Debtor filed on its behalf. *See* Response of Matrix Financial Services Corp. to the Debtor's Motion to Modify after Confirmation Debtor's Chapter 13 Plan with Debtor's First Amended Plan Dated June 28, 2002 ("Response to Motion to Modify Plan") at ¶¶ 10–11, 24.[2]

---

**1.** Debtor has a pending Motion to Modify After Confirmation Debtor's Amended Chapter 13 Plan ("Motion to Modify Plan") to increase the plan funding to ensure that Matrix will receive the full $4,000 and "to clarify the language of the plan that the only arrearages to Matrix are $4,000 and that on payment of that sum, the debtor's mortgage with Matrix will be reinstated as if no default had occurred." Motion ¶ 16. Debtor's counsel made clear to the Court that an order fixing the arrears claim in the amount filed by the Debtor will not provide the Debtor with the relief it needs if the amount of the secured claim is not similarly reduced. As I noted to Debtor's counsel, the Plan is an arrears plan. Accordingly, it is possible that granting the Debtor's motion on the first ground (untimely filing) will do nothing more than fix the arrearage claim at $4,000. In *Coffin v. Malvern Federal Savings Bank*, 90 F.3d 851 (3d Cir. 1996), the Third Circuit found that a finding regarding the status of a mortgagee's lien rights after discharge was an advisory opinion. In such case, the Debtor may not be provided with the relief he seeks in this bank-

ruptcy case because at the end of the plan period, the mortgagee (although stayed from proceeding during the plan period) may take action to foreclose its lien. A decision on the merits of the claim would not have that potential impediment but could yield an arrearage number that the Debtor could not fund in his plan. Notwithstanding my caution, Debtor's counsel was unprepared to withdraw the Objection to the extent it was based on the untimeliness of the claim. The consequence of his legal position is that if I find the Matrix claim untimely, the adjudicated amount of the Matrix claim is not dispositive since Debtor would not be bound by it under the Plan. Accordingly, as Debtor presses the late filing argument, I will address it first since if he is correct, it will not be necessary to consider the merits of the claim.

**2.** The hearing on Debtor's Motion to Modify Plan was originally scheduled at the same time as the hearing on Debtor's Objection. At the hearing on the Objection, it was agreed that the Motion to Modify Plan would be decided after adjudication of the Objection.

## DISCUSSION

### I.

■ As a general rule, a secured creditor in a Chapter 13 case is not required to file a proof of claim but may choose to ignore the bankruptcy proceeding and look to its lien for satisfaction of the debt. *Federal Deposit Insurance Corporation v. Union Entities (In re Be–Mac Transport Company, Inc.)*, 83 F.3d 1020, 1025 (8th Cir.1996); *Tepper v. Burnham (In re Tepper)*, 279 B.R. 859, 864 (Bankr.M.D.Fla. 2002); *Lee Servicing Company v. Wolf (In re Wolf)*, 162 B.R. 98, 105–06 (Bankr. D.N.J.1993). However, Bankruptcy Rule 3004, which is "intended to foster the fresh start policy of the Bankruptcy Code," 9 COLLIER ON BANKRUPTCY ¶ 3004.01, at 3004–1 (15th ed.), provides that if a creditor, including a secured creditor, fails to file a proof of claim by the first date set for the meeting of creditors, the debtor may do so in the name of the creditor within 30 days after expiration of the bar date for filing claims. Fed.R.Bankr.P. 3004. The Advisory Committee Note to Bankruptcy Rule 3004 explains the purpose of this rule, stating:

> It is the policy of the Code that debtors' estates should be administered for the benefit of creditors without regard to the dischargeability of their claims. After their estates have been closed, however, discharged debtors may find themselves saddled with liabilities, particularly for taxes, which remain unpaid because of the failure of creditors holding nondischargeable claims to file proofs of claim and receive distributions thereon. The result is that the debtor is deprived of an important benefit of the Code without any fault or omission on the debtor's part and without any objective of the Code being served thereby.
>
> Section 501(c) of the Code authorizes a debtor or trustee to file a proof of claim for any holder of a claim. Although all claims may not be nondischargeable, it may be difficult to determine, in particular, whether tax claims survive discharge. To eliminate the necessity of the resolution of this troublesome issue, the option accorded the debtor by the Code does not depend on the nondischargeability of the claim.... The authority to file is conditioned on the creditor's failure to file the proof of claim on or before the first date set for the meeting of creditors....

Fed.R.Bankr.P. 3004 advisory committee's note (citations omitted).

■ Rule 3004further provides that if the creditor (on whose behalf the debtor filed a claim) thereafter files its own proof of claim "pursuant to Rule 3002," then the creditor's claim will "supersede the proof filed by the debtor[.]" *Id.* Rule 3002(c) states, in pertinent part: "In a ... chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meetings of creditors called under § 341(a) of the Code[.]" Fed. R.Bankr.P. 3002(c). Courts have held that a claim filed "pursuant to Rule 3002" must be filed by the time deadline imposed by subsection (c) thereof.[3] *See In re Cook,*

---

Matrix did not address the amendment issue at the hearing on the Objection.

**3.** Courts disagree on whether the time limitation in Rule 3002(c) applies to secured creditors. This debate exists because subsection (a) of Rule 3002, which provides that "[a]n unsecured creditor or equity security holder must file a proof of claim or interest for the claim or interest to be allowed," does not mention secured creditors. Some courts reason that only the entities listed in subsection (a) are required to comply with the time deadline set forth in subsection (c). *Compare In re Babbin*, 164 B.R. 157, 163 (Bankr.D.Colo.

205 B.R. 617, 622–23 (Bankr.N.D.Ala.1996) (reasoning that "[a] claim filed 'pursuant to Rule 3002' must be filed in accordance with the restrictions and limitations imposed by Rule 3002 ... [which includes] the deadline imposed by Rule 3002(c)."); *In re Duarte*, 146 B.R. 958, 961 (Bankr. W.D.Tex.1992) ("If the creditor files a proof of claim within the time provided in Rule 3002(c), the creditor's claim will supersede the debtor's [claim.]"). *See also* 9 COLLIER ON BANKRUPTCY, *supra*, ¶ 3004.06, at 3004–4—3004–5 ("[I]n order for the creditor's filing to supersede the Rule 3004 claim, the creditor's claim must be filed pursuant to Rule 3002 [which] means that the claim must be filed by the creditor prior to the bar date."). The Advisory Committee Note that was added with the 1987 amendment to Rule 3004 supports this interpretation of the rule.[4] If a creditor fails to timely file its proof of claim

under Rule 3002(c), then the "debtor's claim filed pursuant to Bankruptcy Rule 3004 will stand." *In re Hydorn*, 94 B.R. 608, 612 (Bankr.W.D.Mo.1988) (*citing* 8 COLLIER ON BANKRUPTCY ¶ 3002.03 (15th ed.1988)). *See also* 9 COLLIER ON BANKRUPTCY, *supra*, ¶ 3004.06, at 3004–4 to 3004–5 ("[I]f the creditor fails to file timely, the claim filed pursuant to Rule 3004 will stand[.]").

In the instant case, the first meeting of creditors was held and concluded on May 24, 2000. Consequently, the claims deadline was September 26, 2000. On August 28, 2000, when Matrix had not yet filed a proof of claim, Debtor did so on its behalf. Matrix thereafter filed its proof of claim, but not until December 13, 2000. Thus, Matrix failed to file a proof of claim capable of superseding the Debtor's proof of claim.[5]

1994) ("Because a secured creditor is not required, at all, to file a proof of claim, it can hardly be concluded that a proof of claim filed by a secured creditor can be disallowed because it is not timely."); *In re Harris*, 64 B.R. 717, 718–19 (Bankr.D.Conn.1986) (concluding that claims deadline contained in Rule 3002(c) does not apply to secured creditors since they are not mentioned in subsection (a) of the rule which "states who must file a proof of claim.") *with In re Kelley*, 259 B.R. 580, 584–85 (Bankr.E.D.Tex.2001) (ruling that secured creditors are bound by the bar date established by Rule 3002(c)); *In re Dennis*, 230 B.R. 244, 246–54 (Bankr.D.N.J. 1999) (holding that any claim tardily filed in a chapter 13 case, including claims filed by secured creditors, "to which an objection has been raised based on tardiness shall be disallowed."). *See also In re Boucek*, 280 B.R. 533, 537 (Bankr.D.Kan.2002) (italics in original) (ruling in a Chapter 12 case that the time limitation contained in Bankruptcy Rule 3002(c) applies to *"every* proof of claim" since subsection (c) of the rule does not refer back to subsection (a) thereof and there is no distinction made in subsection (c) between secured creditors and unsecured creditors). However, Bankruptcy Rule 3004 does not differentiate between secured and unsecured

creditors; rather, the rule states generally that "[a] proof of claim filed by a creditor pursuant to Rule 3002 ... shall supersede the proof filed by the debtor[.]" Fed.R.Bankr.P. 3004. Because of this, Rule 3004 has been construed as requiring creditors in general, which includes both secured and unsecured creditors, to comply with the time limitation imposed by Rule 3002(c) in order for their claims to qualify as "superseding claims."

4. The Advisory Committee Note states:

[T]he debtor or trustee in a chapter 7 or 13 case has 120 days from the first date set for the meeting of creditors to file a claim for the creditor. During the first 90 days of that period the creditor in a Chapter 7 or 13 case may file a claim a provided in Rule 3002(c). If the creditor fails to file a claim, the debtor or the trustee shall have an additional 30 days thereafter to file the claim. **A proof of claim filed by a creditor supersedes the claim filed by the debtor or trustee only if it is timely filed within the 90 days allowed under Rule 3002(c).**

F.R.Bankr.P. 3004, advisory committee's note (emphasis added).

5. Bankruptcy Rule 9006(b) establishes a procedure whereby debtors and trustees may ob-

## II.

■ Seemingly conceding that its claim was not filed within the time frame required to constitute a "superseding claim," Matrix attempts to characterize its claim as an amendment to the Debtor's claim. While Matrix offers no authority for this characterization of its claim, I note that in *United States v. Kolstad (In re Kolstad)*, 928 F.2d 171 (5th Cir.1991), the Fifth Circuit held that a bankruptcy court has discretion to allow a creditor to file an amendment to a timely proof of claim filed on its behalf by a debtor despite the fact that, under Rule 3004, the time period for the creditor to file a proof of claim that would supersede the debtor's proof of claim has expired. The debtor in this Chapter 11 case filed a proof of claim for approximately $20,000 on behalf of the IRS after it failed to file a proof of claim before the bar date had passed. About ten months later but before the hearing was held on the debtor's plan of reorganization, the IRS filed an "amended" proof of claim asserting that the correct amount of its claim was $85,882.67. The debtor objected to the amendment but the bankruptcy court allowed it.

On appeal to the Fifth Circuit, the debtor argued that: (i) the IRS had lost the right to file its own proof of claim when it failed to do so, or request an extension of time for doing so, before the bar date had passed; and (ii) the IRS' right to file a proof of claim was not reinstated when he elected to file a proof of claim on its behalf in order to bring the IRS within the scope of his reorganization proceeding. *Id.* at 173. In other words, the debtor argued that, although he could force the IRS to participate in his plan of reorganization by filing a claim on its behalf under Rule 3004, the IRS had no right to file an amendment to the proof of claim stating what it believed to be the correct amount of its claim. The Fifth Circuit rejected this view of Rule 3004, stating in relevant part:

> The fact that ... Rule 3004 may be invoked to force the IRS to participate in the reorganization process does not mean that [the debtor] also gains unilateral control of the amount of the IRS' claim. If a Rule 3004 proof of claim permitted a debtor to fix beyond challenge the amount of the involuntary participant's claim, the debtor would also control that creditor's share of the distribution of the estate. Such an interpretation of Rule 3004 carries a serious potential for abuse, because it would foster the deliberate filing of a very low claim on behalf of a creditor. This perverse incentive is, however, not inherent in Rule 3004.

*Id.* at 174. Seeking to clarify the meaning of Rule 3004, the Fifth Circuit distinguished between the roles served by bar dates versus the claims adjudication process. The Fifth Circuit reasoned that while claims filing deadlines such as those set forth in Rule 3004 enable the debtor and his creditors to know which parties are making claims against the estate and the general amount of their claims, the deadlines "do not fix in stone the final amount in which a creditor will share in the estate." *Id.* at 173–74. Discussing this point, the Fifth Circuit declared:

> [W]hile bar dates establish the universe of participants in the debtor's case, they have little correlation to the final rela-

E.D.Pa.2001). Rather, under Rule 9006(b), creditors can only obtain an extension of the claims deadline under the very narrow exceptions listed in Rule 3002(c). *Id.* None of the Rule 3002(c) exceptions are applicable here.

tive amounts in which creditors will share any distribution. The goal of the claims adjudication process, on the other hand, is to assure that each creditor which is part of that universe ultimately participates in the voting and distribution from the estate in the proper amount determined by the priority and nature of its claim and bankruptcy's bargaining process.

*Id.* at 174. Based on this rationale, the Fifth Circuit opined that once a timely claim has been filed under Rule 3004, the "essential role of the bar date has been fulfilled" and the claims adjudication process, which adjusts the rights of creditors among themselves, begins. Noting that amendments to timely filed creditor proofs of claim have been liberally permitted, the Fifth Circuit compared an amendment to a "superseding" claim. *Id.* at 175. The Fifth Circuit explained that amendments "adjust or correct the terms of the claim originally filed," whereas a "superseding" claim' by its nature may include a broader spectrum of demands against the debtor[.] *Id.* Because of the nature of amendments, the Fifth Circuit observed, amendments do not "vitiate the role of bar dates." *Id.* Finding "no convincing reason" why amendments should be allowed to timely creditor claims but not to timely claims file by debtors under Rule 3004, the Fifth Circuit ruled that "the bankruptcy court had discretion to authorize [the] IRS to amend [the debtor's] proof of claim for federal taxes." *Id.*[6]

Turning to the issue of whether the bankruptcy court abused its discretion in allowing the IRS to amend the debtor's claim, the Fifth Circuit noted the following: (i) the IRS' amended claim simply alleged a higher amount owed by the debtor for the same type of liability stated in the debtor's proof of claim; (ii) neither other creditors nor the debtor could have been surprised by the amendment; (iii) even if the IRS's amended claim was correct, its allowance would not be unfair to other creditors since they would have received an undeserved windfall from a denial of the amendment; and (iv) the bankruptcy court must have balanced the fact that the IRS delayed filing its amended claim until "virtually the eve of the confirmation hearing" against others weighing in favor of the amendment. *Id.* at 175–76. Based on these considerations, the Fifth Circuit concluded that the bankruptcy court had not abused its discretion in allowing the amendment and affirmed its judgment. *Id.* at 176.

The Fifth Circuit's ruling that a creditor may be permitted to amend a proof of claim filed by a debtor even when the creditor can no longer timely file a superseding claim was specifically adopted by the bankruptcy court in *In re Bishop,* 122 B.R. 96, 97 (Bankr.E.D.Mo.1990) ("This court adopts the holding in *Kolstad*"). *See also In re Kelley, supra,* 259

6. In *Frascatore v. Secretary of Housing and Urban Development (In re Frascatore),* 98 B.R. 710 (Bankr.E.D.Pa.1989), my former colleague Judge Scholl seemed to interpret Bankruptcy Rule 3004 in a somewhat similar fashion except that it is unclear from his comments whether he distinguished between an "amendment" to a proof of claim and a "superseding claim" or equated the two. Discussing this issue, he opined:

Rule 3004 should not be read to so completely place the non-filing creditor at the mercy of debtor or the trustee. Rather, as Collier suggests, 8 COLLIER ON BANKRUPTCY, ¶ 3004.3, at 3004–6 (15th ed.1989), "such claim, as with any claim, will be subject to technical amendment." We therefore believe that, as long as the creditor seeks to "amend" the proof of claim filed on its behalf within a reasonable time after it is filed, the creditor should be able to attempt to supersede the claim filed on its behalf.

*Id.* at 722 n. 11.

B.R. at 585 (in denying motion to allow late filed claim of creditor on whose behalf debtor had filed a proof of claim under Bankruptcy Rule 3004, court recognized that it "arguably could, pursuant to its equitable power recognized in *In re Kolstad*, construe [the creditor's] claim as 'amending' rather than 'superseding' the claim filed on its behalf by the Debtor."). In *United States v. Jones*, 2000 WL 1175717 (W.D.Mich. June 28, 2000), the district court discussed the Fifth Circuit's decision and applied its holding without stating whether it agreed with the circuit court's analysis. *See also In re Stoiber*, 160 B.R. 307 (Bankr.N.D.Ohio 1993) (stating that even "assuming, without further analysis this court may indeed permit an amendment such as that tendered by IRS [based on *In re Kolstad*,] it chooses not to do so[.]"), *aff'd*, 73 A.F.T.R.2d 94–865 (N.D.Ohio December 22, 1993) (text not available on Westlaw). However, in *In re Hamilton*, 179 B.R. 749 (Bankr.S.D.Ga. 1995), the bankruptcy court flatly rejected the Fifth Circuit's analysis and ruling.

The *Hamilton* bankruptcy court reasoned that the Fifth Circuit's decision "in effect allowed the creditor's proof of claim to 'supersede' the debtor's claim by amendment where such a superseding claim is limited by the Bankruptcy Rules to timely filed claims." *Id.* at 753. Noting that the Fifth Circuit's ruling seemed motivated by its view that not allowing a creditor to amend a timely filed debtor proof of claim had an unreasonable harsh effect, *id.* at 752–53, the bankruptcy court in *In re Hamilton* tested that concern. Applying the principles of due process and *res judicata*, it concluded that a non-filing creditor without notice of the bankruptcy case will not have its claim discharged in bankruptcy, but that the same is not true for a non-filing creditor with notice of the bankruptcy case since it may have its claim discharged in accordance with the terms of the debtor's plan. *Id.* at 753. However, unlike the Fifth Circuit, the bankruptcy court in *In re Hamilton* did not find this result harsh. Elaborating on this point, the bankruptcy court stated:

> Due process and res judicata work together to protect creditors without notice from being bound to the terms of a plan while binding creditors with notice who elect not to take part in the bankruptcy process. The "perverse incentive" and "serious potential for abuse" identified by the *Kolstad* court in connection with the ability of a debtor to bind a creditor to the terms of a plan seems to be nothing more than the natural effect of a confirmed plan. As this Court stated in *Bowen v. United States (In re Bowen)*, 174 B.R. 840 (Bankr. S.D.Ga.1994), "Where a creditor has failed to file a claim, and where the debtor also fails to provide for the claim in the plan of reorganization, due process will prohibit the vesting of the property in the debtor free and clear of the creditor's interest." *Id.* at 850 (*citing [Southtrust Bank of Alabama v.] Thomas [(In re Thomas)*, 883 F.2d 991 (11th Cir.1989)] at 996–999). Where a non-filing creditor with notice is provided for in a plan, such creditor is bound by the terms of the plan. *Bowen* at 850–851. Rather than being "perverse," this outcome is essential to ensure some degree of finality to the bankruptcy process. Where a creditor fails to file a proof of claim despite notice, equity favors ensuring finality of the proceedings over a creditor's right to litigate delinquent claims.

179 B.R. at 753.

The bankruptcy court in *In re Hamilton* further reasoned that even when a debtor files a proof of claim on a creditor's behalf, the creditor is not without a remedy. If the creditor did not receive notice of the bankruptcy, the bankruptcy court noted,

due process may protect his claim from being discharged. *Id.* Moreover, if a debtor purposefully files the proof of claim in an inaccurate amount in bad faith or as an abuse of the bankruptcy process, the creditor may have grounds for obtaining dismissal of the bankruptcy case.[7] *Id.* at 753–54. Consequently, the bankruptcy court reasoned, "[t]he Court need not read into Rule 3004 terms which are not part of the Rule in order to protect creditors from unscrupulous debtors, as did the court in *Kolstad.*" *Id.* at 754.

Unlike the bankruptcy court in *In re Hamilton*, I am not convinced that the Fifth Circuit's ruling that a creditor may amend a proof of claim filed on its behalf by a debtor is incorrect. Where a creditor who opts to remain outside the bankruptcy process is subsequently pulled in when the debtor files a proof of claim on its behalf, there must be some flexibility to mitigate the unfairness of binding the creditor to that filed claim because of the passage of the bar date. Whether that flexibility comes in the form of allowing amendment of the proof of claim which the Debtor filed according to the same rules that would have applied had the creditor been the party who originally filed the proof of claim or by way of a timely objection to the filed proof of claim [8] will not be neces-

---

**7.** The bankruptcy court in *In re Stoiber, supra*, commented on this same point, stating as follows:

*Kolstad* expressed a concern about mischief on the part of debtors who might improperly seek to control the amount of a claim if amendments to their filing pursuant to Fed. R.Bankr.P. 3004 are not permitted. "If a Rule 3004 proof of claim permitted a debtor to fix beyond challenge the amount of the involuntary participant's claim, the debtor would also control that creditor's share of the distribution from his estate. Such an interpretation of Rule 3004 carries a serious potential for abuse, because it would foster the deliberate filing of a very low claim on behalf of a creditor." *Id.* 928 F.2d at 174. This fear seems rebutted by the Supreme Court's statement in *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992): "Debtors and their attorneys face penalties under various provisions for engaging in improper conduct in bankruptcy proceedings.... These provisions may limit bad-faith claims ... by debtors. To the extent that they do not, Congress may enact comparable provisions to address the difficulties that ... [may] follow our decision." *Id.* 503 U.S. at 642–46, 112 S.Ct. at 1648–49, 118 L.Ed.2d at 288.

160 B.R. at 309.

**8.** Rule 3007 provides for objections to claims. While objections to claims are routinely filed by debtors, nothing in the language of the rule appears to preclude a creditor from filing an objection to a proof of claim filed on its behalf by a debtor. *See In re Wright*, 1991 WL 158786, at *1 (Bankr.E.D.Pa. August 13, 1991) (ruling upon objection by creditor to proof of claim filed on its behalf by debtor and noting that, rather than limiting its objection to the procedure which the debtor utilized in filing the claim, the creditor could have attacked the substance of the proof of claim). Consequently, if a creditor disputes the amount of a proof of claim which the debtor filed on its behalf, why can't the creditor file an objection to the debtor's claim raising this issue? The only benefit which the creditor forgoes if it files an objection to a debtor's claim instead of amending the claim is the evidentiary advantage applicable in claims litigation as a result of Rule 3001(c) which provides that a "proof of claim filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed.R.Bankr.P. 3001(c). Instead, the debtor in such situations would have this advantage. The manner in which Rules 3001(f) and 3007 were written could be construed as indicative that Congress intended such procedural vehicle. If a creditor has the right to object to a proof of claim filed on its behalf by a debtor, then a debtor would not gain "unilateral control" of the amount of the creditor's claim even if the debtor files the claim after the bar date has passed. Thus, the Fifth Circuit's concern (which underlies its decision) that a debtor who files a proof of claim on a creditor's behalf beyond the bar date gains "unilateral

sary for me to decide as Matrix has not availed itself of either procedure.

Matrix did not indicate anywhere on its Proof of Claim that it was an amendment to the Debtor's Proof of Claim or even that Debtor had previously filed a proof of claim relating to its claim. *See* Exhibit D–2. Moreover, Matrix failed to introduce any evidence into the hearing record by way of documents or testimony that its Proof of Claim was intended as an amendment to the Debtor's Proof of Claim. Consequently, there is no evidence in the record that Matrix intended its Proof of Claim to be an amendment. I find it highly doubtful that such an intention existed. *See United States v. Jones, supra,* 2000 WL 1175717, at *2 (noting, in affirming the bankruptcy court's ruling disallowing the proof of claim which the Internal Revenue Service (IRS) filed and rejecting the IRS' argument that its late-filed claim was an amendment to the proof of claim filed on its behalf by the debtor, that the IRS' claim did not indicate that it was intended as an amendment). Matrix also does not contend that its response to Debtor's Objection to its filed claim is an objection to Debtor's filed proof of claim nor will I construe it as such even though the substantive issues are the same. Matrix was content to merely file a late claim and take no further action notwithstanding the previously filed proof of claim by the Debtor. But for Debtor's objection to Matrix claim, Matrix's position on its claim would not have been addressed.

■ Even assuming that Matrix had filed its claim as an amendment, amendments are not automatically allowed but are "left to the sound discretion of the bankruptcy court." *Id.* In exercising that discretion, I would refuse to permit Matrix to amend the Debtor's claim. Matrix did

control" over the creditor's claim would be

not file its Proof of Claim until more than three months after Debtor filed his proof of claim on its behalf. *Compare In re Bishop, supra,* 122 B.R. at 96–97 (allowing creditor to amend the proof of claim filed on its behalf by debtor where creditor attempted to amend the debtor's claim within a few days after it was filed). There is no evidence that Matrix took any action in Debtor's bankruptcy case during that three month period to protect its rights. It allowed Debtor's plan to be confirmed without objection. Indeed, it waited for more than two months after Debtor's plan was confirmed to file its Proof of Claim and thereafter took no steps to gain allowance of the purported amendment. Accordingly, at the time this matter was brought before the Court by the Debtor in September 2002, Debtor had been making payments under his confirmed plan pursuant to the only allowed Matrix claim for in excess of two years. Matrix has not offered any "excuse of justification for its inactivity." *United States v. Jones, supra,* 2000 WL 1175717, at *3. The "Bankruptcy Code and Rules provide clear and precise procedural mechanisms under which claimants, particularly sophisticated entities" can protect their interests. *In re Kelley, supra,* 259 B.R. at 586. I will not reward Matrix's failure to follow those procedures by accepting its untimely Proof of Claim as an amendment when it has failed to offer any reason whatsoever for its inaction.

In sum, I reject Matrix's characterization of its Proof of Claim as an amendment to the Debtor's claim. The Debtor's Objection will be sustained on the basis that Matrix's Proof of Claim was not filed by the claims deadline set forth in Rule 3002(c).

mitigated.

### III.

As an alternative to having Matrix's claim stricken as untimely, Debtor has asked to have the claim reduced "both on the payoff and the arrearage amount." Since I find merit in Debtor's argument with regard to the untimeliness of Matrix's claim, it is unnecessary for me to address this alternate argument.

An Order consistent with the foregoing Memorandum Opinion shall issue.

### *ORDER*

**AND NOW,** this 4th day of December 2002, upon consideration of the Objection ("Objection") of the debtor Gary Scott Hill ("Debtor") to the claim of Matrix Financial Services Corp. ("Matrix"), and after notice and hearing, and for the reasons stated in the accompanying Memorandum Opinion;

It is hereby **ORDERED** and **DECREED** that:

1. The Objection is **SUSTAINED**.
2. The Proof of Claim which Matrix filed is **STRICKEN**;
3. A hearing on Debtor's Motion to Modify After Confirmation Debtor's Chapter 13 Plan with Debtor's First Amended Plan Dated June 28, 2002 (the "Motion to Modify Plan") shall be held on **December 19, 2002 at 11:30 a.m.** in the Robert N.C. Nix, Sr. Federal Courthouse, 2nd floor, 900 Market Street, Courtroom # 3, Philadelphia, PA 19107. In light of the Memorandum Opinion issued this date, the parties may file (with a copy hand delivered to Chambers) amendments to the pleadings framing the Motion to Modify Plan and/or memoranda of law by December 18, 2002.