EDITH H. JONES, Circuit Judge:
 

 The issue in this case is whether the bankruptcy court properly permitted IRS to “amend” Kolstad’s debtor-filed proof of claim, 11 U.S.C. § 501(c) and Bankruptcy Rule 3004, some months after the bar date had passed for IRS to file its own proof of claim. Bankruptcy Rule 3003(c). We conclude that the bankruptcy court, 101 B.R. 492 (Bankr.S.D.Tex.1989), affirmed by the district court, did not abuse its discretion in permitting the amendment.
 

 A. The Facts
 

 The parties agree on virtually nothing except the pertinent facts. Kolstad sought Chapter 11 relief in March, 1987; his bankruptcy schedules identified IRS as a creditor for personal income tax and employee withholding taxes, in an amount labeled “disputed.” IRS was aware of the bankruptcy case. The court's notice of the first meeting of creditors set August 17, 1987, as the bar date for filing proofs of claim. IRS failed to file a claim. Kolstad undertook to remedy this defect by filing, thirty days after the bar date, a $20,359.71 claim on behalf of IRS. 11 U.S.C. § 501(c) and Bankruptcy Rule 3004.
 
 [1]
 
 About ten months later, within a short time before the hearing on debtor’s proposed plan of reorganization, IRS filed an “amended” proof of claim to cover the same kind of taxes, company employment taxes for which Kol-stad was personally liable,
 
 [2]
 
 but to assert that the correct amount owed is $85,882.67. The bankruptcy court permitted IRS to amend. Kolstad contests the amendment vigorously because he fears he will be unable to confirm a plan burdened by this large priority tax claim.
 

 
 *173
 
 B. Standard of Review
 

 Both the bankruptcy court and district court granted summary judgment for the IRS. The parties dispute the appellate principles of review, although they are reasonably clear-cut. The courts’ reasoning on issues of law must be appraised
 
 de novo. Richmond Leasing Co. v. Capital Bank, N.A.,
 
 762 F.2d 1303, 1307 (5th Cir.1985). If we conclude that bankruptcy law permits equitable amendments to a debtor-filed proof of claim, the courts’ decision to allow the amendment is reviewed for an abuse of discretion.
 
 In re International Horizons, Inc.,
 
 751 F.2d 1213, 1216 (11th Cir.1985).
 

 C. Discussion
 

 The debtor’s argument is deceptively framed as resting solely on 11 U.S.C. § 501 and Bankruptcy Rules 3003(c) and 3004. The Bankruptcy Code, 11 U.S.C. §§ 101
 
 et seq.,
 
 permits a debtor or trustee to file a proof of claim for a creditor who does not timely file on its own behalf. 11 U.S.C. § 501(c). Implementing this provision, Bankruptcy Rule 3004 authorizes the debt- or or trustee to file a creditor’s proof of claim within thirty days after the Chapter 11 bar date prescribed according to Bankruptcy Rule 3003(c), which in this case was August 17, 1987.
 
 [3]
 
 A creditor who fails to file its proof of claim before the bar date, and who fails timely to request an extension of time to file,
 
 see
 
 Bankruptcy Rule 9006(b), may not file a late claim and participate in the voting or distribution from the debtor’s estate. Bankruptcy Rule 3003(c)(2);
 
 In re Vertientes, Ltd.,
 
 845 F.2d 57, 60 (3d Cir.1988);
 
 Maressa v. A.H. Robins Co., Inc.,
 
 839 F.2d 220, 221 (4th Cir.),
 
 cert. denied,
 
 488 U.S. 826, 109 S.Ct. 76,102 L.Ed.2d 53 (1988);
 
 In re South Atlantic Financial Corp.,
 
 767 F.2d 814, 817 (11th Cir.1985),
 
 cert. denied,
 
 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986).
 

 The debtor contends that IRS lost its right to file its own, higher proof of claim when the bar date passed and it neither filed nor requested an extension of time. Further, Kolstad contends, the IRS cannot avoid the bar date simply because the debt- or elected to file a proof of claim and so bring IRS within the scope of his reorganization proceeding. The bankruptcy rules furnish the exclusive time periods in which a creditor may assert a claim; the debtor’s assertion of the creditor’s claim
 
 after
 
 the creditor’s bar date has passed cannot reinstate the creditor’s ability to protect itself.
 

 This analysis is plausible only because it neglects to encompass all of the Code provisions and rules that bear upon the claims process in bankruptcy. To determine whether IRS was authorized to amend Kolstad’s proof of claim for it, we must consider more broadly the role of bar dates and claims adjudication in bankruptcy cases. Although bankruptcy law has elements of gamesmanship and the consequences for missing various bankruptcy deadlines are severe
 
 [4]
 
 , the bankruptcy law is not supposed to function merely as a procedural gauntlet that only the most adroit or best represented creditors can overcome. The deadlines have a purpose: they enable a debtor and his creditors to know, reasonably promptly, what parties are making claims against the estate and in what general amounts.
 
 [5]
 
 The claims filing deadlines, however, by no means fix in stone the final “allowed” amounts of
 
 *174
 
 claims.
 
 [6]
 
 The proof of claim is prima facie evidence of the amount and origin of the debt owed, Bankruptcy Rule 3001(f), but any party in interest may object to a proof of claim. 11 U.S.C. § 502(a); Bankruptcy Rules 3007 (objections); 3008 (reconsideration of claims). There is no bar date or deadline for filing objections. Once an objection is filed, the final amount of the claim is determined by litigation in an adversary proceeding.
 
 See
 
 Bankruptcy Rules 7001
 
 et seq.
 
 Such litigation may end in a settlement agreement providing for a compromise claim that, although it represents a bargained rather than actual amount of the debt owed, may pass muster with the creditors who have to approve it. Thus, while bar dates establish the universe of participants in the debtor’s case, they have little correlation to the final relative amounts in which creditors will share any distribution. The goal of claims adjudication, on the other hand, is to assure that each creditor
 
 which is part of that universe
 
 ultimately participates in the voting and distribution from the estate in the proper amount determined by the priority and nature of its claim and bankruptcy’s bargaining process.
 

 Congress authorized a debtor or trustee to file a proof of claim for a creditor in order to broaden the scope of participation in the bankruptcy case and thus facilitate the debtor’s march toward rehabilitation. 3
 
 Collier on Bankruptcy
 
 ¶ 501.03 (15th ed. 1988). Kolstad’s brief acknowledges the problem that he confronted and its statutory solution. If IRS, as a creditor with a non-dischargeable claim, elected not to participate in the bankruptcy case and not to file a claim, the debtor would remain burdened by that debt following bankruptcy.
 
 See, e.g.,
 
 11 U.S.C. § 523(a)(1) (declaring certain tax debts nondischargeable);
 
 In re Kloeble,
 
 112 B.R. 379, 381-82 (Bankr.S.D.Cal.1990). Not only would this fact threaten the debtor after bankruptcy, but it might also prevent him from confirming a plan of reorganization covering creditors who are before the court. On account of the non-discharged debt, the debtor might become unable to establish that the plan is “feasible.” 11 U.S.C. §§ 1129(a)(ll) and (b). Section 501(c) empowered the debtor to force IRS to participate in the bankruptcy and subject its debt to dischargeability. 11 U.S.C. § 1129(a)(9)(C) (tax debts covered by the plan are fully discharged). Kolstad took advantage of this provision.
 

 Having so employed § 501(c), Kolstad now seeks additionally to prevent the IRS from attempting to prove the correct amount of taxes he owed. Here we part company with Kolstad. The fact that § 501(c) and Rule 3004 may be invoked to force IRS to participate in the reorganization process does not mean that Kolstad also gains unilateral control of the amount of IRS’s claim. If a Rule 3004 proof of claim permitted a debtor to fix beyond challenge the amount of the involuntary participant’s claim, the debtor would also control that creditor’s share of the distribution from his estate. Such an interpretation of Rule 3004 carries a serious potential for abuse, because it would foster the deliberate filing of a very low claim on behalf of a creditor. This perverse incentive is, however, not inherent in Rule 3004.
 

 The problem is that Kolstad’s interweaving of the Rule 3003(c) and 3004 bar dates confuses their role with that of claims adjudication. As has been shown, the final determination of the allowed amount of a claim, and thus its relative share of distribution, is not the function of bar dates so much as of the claims adjudication process. Rule 3004 sets a time limit upon the debt- or’s decision to file a proof of claim for a creditor for the same reason that bar dates impose deadlines upon creditors’ proofs of claim.
 
 See In re Kloeble,
 
 112 B.R. at 381-82. Once a claim is timely filed under Rule 3004, however, the essential role of the bar date has been fulfilled. The process of claims adjudication may then adjust the rights of creditors among themselves.
 

 
 *175
 
 Consistent with our view of the comparative roles of bar dates and claims adjudication is the allowance of amended proofs of claim. Amendments to timely creditor proofs of claim have been liberally permitted to “cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim.”
 
 In re International Horizons, Inc.,
 
 751 F.2d at 1216. Amendments do not vitiate the role of bar dates: indeed, courts that authorize amendments must ensure that corrections or adjustments do not set forth wholly new grounds of liability.
 
 Matter of Commonwealth Corp.,
 
 617 F.2d 415, 420 (5th Cir.1980). Amendments to IRS proofs of claim have been allowed or disallowed on these grounds in numerous cases.
 
 In re Bajac Const. Co.,
 
 100 B.R. 524, 525 (Bankr.E.D.Cal.1989);
 
 In re Calisoff,
 
 94 B.R. 1002 (Bankr.N.D.Ill.1988);
 
 In re Hanscom Retail Foods,
 
 96 B.R. 33 (Bankr.E.D.Pa.1988);
 
 In re Richmond,
 
 92 B.R. 713 (Bankr.S.D.Tex.1988),
 
 aff'd,
 
 105 B.R. 14 (S.D.Tex.1989);
 
 United States v. Owens,
 
 84 B.R. 361, 363-64 (Bankr.E.D.Pa.1988);
 
 In re Butcher,
 
 74 B.R. 211, 217 (Bankr.E.D.Tenn.),
 
 aff'd,
 
 75 B.R. 441 (E.D.Tenn.1987), 848 F.2d 189 (6th Cir.1988);
 
 In re Johnson,
 
 55 B.R. 800, 806 (Bankr.E.D.Va.1985);
 
 In re Simms,
 
 40 B.R. 186, 190 (Bankr.N.D.Ga.1984). If Kolstad were correct in arguing that allowing an amended proof of claim improperly circumvents the bar date rules, his argument would also undermine the well-established amendment process for timely claims. The durability of that process, however, reinforces our conclusion that bar dates do not inevitably straitjacket creditors in incorrect claims.
 

 Further, we perceive no convincing reason why amendments should be allowed to timely creditor claims but not to timely claims filed by debtors to obtain an advantage for themselves vis-a-vis nondischargeable creditors. One prominent treatise agrees. 8
 
 Collier on Bankruptcy
 
 ¶ 3004.03 (15th ed. 1988).
 
 See also In re Frascatore,
 
 98 B.R. 710, 722-23, n. 11 (Bankr.E.D.Pa.1989). In response, Kolstad contends that by allowing a timely creditor’s proof of claim to “supersede” that filed by a debtor, Rule 3004 impliedly negates a later-filed creditor “amendment.” This argument misinterprets the pertinent terms, however, for a “superseding” claim by its nature may include a broader spectrum of demands against the debtor than an “amendment,” which, as noted, must adjust or correct the terms of the claim originally filed. We conclude that the bankruptcy court had discretion to authorize IRS to amend Kolstad’s proof of claim for federal taxes.
 

 Whether the court abused its discretion is the next question before us, and we find no such abuse here.
 
 [7]
 
 First, the principal concern of claims amendments, that no new claim be tardily asserted, is absent. IRS’s amended claim simply alleges a higher amount owed by Kolstad for the same type of employment tax liability stated in Kolstad’s § 501(c) claim.
 
 Compare United States v. Owens,
 
 84 B.R. 361 (E.D.Pa.1988) (1981 tax claim was “new and different” from 1983 tax year claim already filed by IRS) and
 
 In re Norris Grain Co.,
 
 81 B.R. 103 (Bankr.M.D.Florida 1987) (IRS not permitted to amend claim to add over $1 mil
 
 *176
 
 lion in corporate tax liability to previously filed claim for about $365 interest on prior return). Second, neither the creditors nor Kolstad could have been surprised by the amendment because Kolstad originally listed the tax debt as “disputed” and was negotiating with IRS about its amount shortly before he sought bankruptcy relief. Third, if IRS’s amended claim is correct, its allowance will not be unfair to other creditors, for they would have achieved an undeserved windfall from a denial of the amendment. Finally, although we are troubled that IRS delayed filing its amended claim until virtually the eve of the confirmation hearing, leading the debtor to propose a plan based on the lower amount of federal tax indebtedness, we assume that the able bankruptcy judge balanced this factor against others weighing in favor of the amendment. If IRS’s amendment is correct, then Kolstad seriously, if inadvertently, understated his employment tax liability and should not take unfair advantage of that fact in his reorganization efforts.
 

 Because the bankruptcy court had the power to permit IRS to amend Kolstad’s § 501(c) federal tax claim, and he did not abuse his discretion in permitting the amendment, the judgments of the district and bankruptcy courts are AFFIRMED.
 

 [1]
 

 . Rule 3004 states: If a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, the debtor or trustee may do so in the name of the creditor, within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable. The clerk shall forthwith mail notice of the filing to the creditor, the debtor and the trustee. A proof of claim filed by a creditor pursuant to Rule 3002 or Rule 3003(c), shall supersede the proof filed by the debtor or trustee.
 

 [2]
 

 . 26 U.S.C. § 6672.
 

 [3]
 

 .Kolstad is probably correct, although it does not advance his argument, in asserting that Rules 3003(c) and 3004 set up three time periods for filing proofs of claim: (a) the creditor’s exclusive period, which runs until the § 341 first meeting; (b) the joint period from the date of the first meeting until the claims bar date, during which either a creditor or a debtor may file on the creditor's behalf; and (c) the debtor’s exclusive period to file a claim for the creditor, which lasts thirty days after the bar date.
 

 [4]
 

 .
 
 See, e.g.,
 
 Rule 3003(c)(2) (deadline for filing proofs of claim); Rule 4007(c) and (d) (deadline for filing complaints to determine dischargeability of a debt).
 

 [5]
 

 . Similarly, deadlines for filing complaints against the discharge or dischargeability of a particular claim are timed to put the parties on early notice whether a debtor may fail to achieve these most desired rewards of the bankruptcy process.
 

 [6]
 

 . This is not to detract from the fact that proofs of claim are declared under penalty of perjury, but to recognize that parties often legitimately disagree on the amount and legal basis for claims.
 

 [7]
 

 . Many courts ruling on amendments to IRS bankruptcy proofs of claim have employed a five-factor test described in
 
 In re Miss Glamour Coat Co.,
 
 80-2 U.S.T.C. ¶9737 (S.D.NY 1980), whose elements include: whether the debtors and creditors relied upon the government’s earlier proof of claim or whether they had reason to know that later proofs of claim would follow upon completion of audit; whether the other creditors would receive a windfall to which they are not entitled if the court disallowed the IRS amendment; whether IRS intentionally or negligently delayed in filing the proof of claim stating the amount of taxes due; the justification, if any, for IRS’s failure to request an extension of time for the submission of further proofs pending an audit; and whether any other equitable consideration should be taken into account.
 
 See In re International Horizons, Inc.,
 
 751 F.2d at 1216. While helpful, these considerations are overlapping and seem to subsume two general questions: (1) whether IRS is attempting to stray beyond the perimeters of the original proof of claim and effectively file a "new" claim that could not have been foreseen from the earlier claim or events such as an ongoing or recently commenced audit; and (2) the degree and incidence of prejudice, if any, caused by IRS’s delay.