**In The Matter of ALLIANCE OPERATING CORPORATION, Debtor.**

**HIGHLANDS INSURANCE COMPANY, INC., Appellant,**

v.

**ALLIANCE OPERATING CORPORATION,**
**Appellee.**

No. 94–30520

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 15, 1995.

David L. Neeb, Metairie, LA, for appellant.

Stewart F. Peck, Claude F. Bosworth, Lugenbuhl, Burke, Wheaton, Peck & Rankin, New Orleans, LA, for appellee.

Before JONES, BARKSDALE and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

Plaintiff–Appellant Highlands Insurance Company ("Highlands") appeals the district court's affirmance of a bankruptcy court's decision to disallow Highlands's amendment to its proof of claim. Finding no reversible error, we affirm.

### FACTS AND PROCEDURAL HISTORY

On December 19, 1989, the Defendant–Appellee Alliance Operating Corporation

---

27. *McCrae,* 793 F.2d at 688.

("Alliance") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Code"). Highlands, the workmen's compensation insurer for Alliance, filed a proof of claim on May 9, 1990 in the amount of $157,008 for "workmen's compensation insurance premiums." Highlands utilized Official Bankruptcy Form No. 19 as its proof of claim, and this form requested the following information:

> 10. This claim is a general unsecured claim, except to the extent that the security interest, if any, described in paragraph 9 is sufficient to satisfy the claim. [*If priority is claimed, state the amount and basis thereof.*]

Highlands did not respond to this request.

On October 17, 1990, the Bankruptcy Court set the deadline for filing proof of claims as December 3, 1990. On April 6, 1992, Highlands executed a creditor ballot for accepting or rejecting Alliance's plan of reorganization and stated on its ballot accepting the plan that it was the holder of an unsecured claim of $157,008. On June 25, 1992, the Bankruptcy Court signed the order confirming Alliance's plan of reorganization. On August 18, 1992, the Bankruptcy Court issued an order extending the bar date for filing administrative expenses claims to September 9, 1992.

On April 21, 1993, Highlands filed an application for recognition and payment of its priority claim for workmen's compensation premiums ("amendment to proof of claim"). On September 3, 1993, Highlands filed an addendum to its proof of claim, setting forth an administrative expense claim of $28,678 for post-petition insurance coverage afforded Alliance, a priority claim of $97,505, and a general unsecured claim of $71,595. On May 10, 1994, the Bankruptcy Court denied Highlands's application. On September 6, 1994, the United States District Court affirmed the decision.

## LAW AND ARGUMENT

Highlands contends that the district court erred in disallowing the amendment to the proof of claim after concluding that the amendment was a new claim and not an amendment to the original timely filed claim. Amendments to proofs of claim are freely allowed where the purpose is "to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim." *In re Kolstad,* 928 F.2d 171, 175 (5th Cir.) (citation omitted), *cert. denied,* 502 U.S. 958, 112 S.Ct. 419, 116 L.Ed.2d 439 (1991).

Highlands first argues that the Bankruptcy Court and the District Court in the instant case contravened the liberal rules of the Fifth Circuit in allowing amendments to timely filed claims. Pointing to the general principle enunciated in *Pepper v. Litton,* 308 U.S. 295, 305, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939) ("[Bankruptcy courts] have been invoked to the end that fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done."), Highlands cites *In re Commonwealth Corporation,* 617 F.2d 415 (5th Cir.1980), *In re Crown Cabinets, Inc.,* 488 F.2d 91 (5th Cir.1973), and *In re Kolstad,* 928 F.2d at 171, as cases demonstrating the liberality of the Fifth Circuit on this issue.

Bar dates, however, are not to be vitiated by amendments, and the courts must ensure that the amendments do not introduce wholly new grounds of liability. *In re Kolstad,* 928 F.2d at 175. Amendments to proofs of claim that change the nature of the claim from an unsecured status to a priority status set forth a new claim. *In re Walls & All, Inc.,* 127 B.R. 115, 118 (Bankr.W.D.Pa.1991); *In re Metro Transportation Co.,* 117 B.R. 143, 148 (Bankr.E.D.Pa.1990). The court in *In re Metro Transportation Co.* reasoned:

> [T]he nature of a priority claim is much different from that of a general unsecured claim. Reclassifying the claim as a priority claim impacts the Debtor's Plan and the distributions to be paid to the other creditors under the Plan. This situation is therefore different from those in which amendments have been permitted to increase the amount of a claim when post-bar date events have resulted in a larger, but otherwise unchanged debt.

The Fund does not suggest that any post-bar-date event occurred which necessitated the reclassification of the Claim, as opposed to the amount of the Claim. If the Claim deserved priority, it deserved it at the time that the Fund filed its first proof of claim. The Fund should not therefore be permitted, at this late date, to assert what is essentially a new claim seeking priority treatment.

A priority claim is a claim completely different from that asserted by the Fund in its timely proofs of claim. The Fund's desire to reclassify its Claim is therefore an attempt to assert an untimely new claim.

*In re Metro Transportation Co.*, 117 B.R. at 148.

The cases that Highlands cites, on the other hand, do not involve instances in which the amendment attempts to change the nature of the claim from an unsecured status to a priority status; hence, a new claim was not attempted. *In re Kolstad*, 928 F.2d at 173 (amendment increasing amount of claim); *In re Commonwealth Corporation*, 617 F.2d at 422 (amendment alleging additional facts and new cause of action); *In re Crown Cabinets, Inc.*, 488 F.2d at 92 (amendment correcting original claim's lack of sufficient documentary proof of the nature of the claim as one entitled to priority).

Highlands attacks the reasoning of *In re Metro Transportation Co.* and argues that the purpose of the bar dates is to fix the creditors who are allowed to participate in the claims adjudication process, which inevitably produces changes in the distribution of the assets as claims are properly assessed and determined. Highlands then argues that increasing the amount of the claim after the bar date, which was allowed by *In re Kolstad*, 928 F.2d at 173, changed the distribution of the assets within the particular class of the amending claimant. However, the change in distribution within a class is not ordinarily as significant as that contemplated in this case. While increasing the amount of the claim changes the distribution of assets within the particular class, enhancing the priority of a claim previously classified in the general unsecured class makes fewer assets available to pay general unsecured obligations. Priority claims are entitled to be paid in full before any payments are made on lower-class claims. 11 U.S.C. § 1129(a)(9).

Highlands next contends that one of the principles behind the court's decision *In re Kolstad* is foreseeability, and that the court in that case allowed the amendment, which increased the amount of the claim, because such an amendment was foreseeable. *In re Kolstad*, 928 F.2d at 176. Highlands then argues that its amendment as to the administrative expenses was foreseeable, as the dates of coverage indicated on the original claim did not extend after the petition date. However, the fact that insurance coverage was furnished prior to a bankruptcy petition does not make foreseeable the continuation of the policy after the petition.

Highlands then argues that amended claims have been allowed when they arise out of the same conduct, occurrence, or transaction as the original claim. *In re International Horizons, Inc.*, 751 F.2d 1213, 1216–17 (11th Cir.1985). Because Bankruptcy Rule 9014 makes Bankruptcy Rule 7015 applicable to allowing a proof of claim, and because Bankruptcy Rule 7015 makes Federal Rule of Civil Procedure 15 applicable to allowance of claims, the liberal pleadings standard is applicable. Here, changing the claim from an unsecured status to a priority one does not change the underlying facts to the transaction. However, the one key factor behind allowing amendments is that the bankruptcy court already have notice of the existence, nature, and amount of the claim from the filing of the original claim. *Id.* at 1217. Here, it is clear that the bankruptcy court did not have notice of the nature of the priority claim from the filing of an unsecured claim. Although Highlands argues that it is widely known that workmen's compensation insurance premiums are accorded priority status and thus everyone involved should have known of the true nature of the claim, we do not believe that others should be charged with this knowledge when Highlands itself did not properly characterize it on its proof of claim and ballot.

Finally, Highlands argues that the debtor's plan provided for flexibility. But Highlands

only points to provisions of the plan allowing flexibility in the amount of the claim, and does not show any provision on the flexibility of the plan in relation to the classification of the claim. Highlands also argues that the flexibility of the plan makes it invulnerable to the dangers of allowing a new claim. Pointing to the fact that the contingent unsecured claims are currently being estimated as between $83 million and $23 million, Highlands argues that any change in distribution from allowing an amendment would be minimal and that any surprise from allowing the amendment would be nonexistent in the context of such flexibility. Although the possible change may be minor relative to the overall amounts at issue for the entire plan, it is not reasonable to require bankruptcy courts to re-evaluate the payments contemplated in every case in order to determine whether to permit tardy amendments to proofs of claim. It is enough that this change will accord priority treatment to a claim previously classified as a general unsecured claim, and the amount of the priority claim is significant. The change is not minor in an absolute sense when viewed from the perspective of a creditor whose claims may be affected by a change in distribution.[1]

In this instance, Highlands both presented its claim for workmen's compensation insurance premiums as an unsecured claim and voted for the reorganization plan on a ballot which treated its claim as unsecured. Highlands sought to amend its claim after expiration of the deadline for filing proof of claims and the deadline of the bar date for filing administrative expenses. Under such circumstances, Highlands will not be heard to complain that the Bankruptcy Court Judge erred in disallowing it to treat its claim as a

secured claim through the use of the late filed, purported amendment.

CONCLUSION

Accordingly, the district court's affirmance of the bankruptcy court's decision to not allow an amendment is AFFIRMED.

1. Highlands also argues that the Code requires priority claims that do not accept the plan to be paid in full. However, the provision that Highlands points to for this proposition, 11 U.S.C. § 1129, governs the treatment of priority claims, not the classification of claims for priority payment. Highlands also cites *United States v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087 (6th Cir. 1990), for the proposition that "priority is more important than whether they were tardily filed," *id.* at 1091. However, Highlands has taken *Cardinal Mine* out of context. The case involved whether untimely filed federal tax claims, which

were allowed because the IRS did not have notice, would still have priority. *Id.* at 1088.

The district court also held that the confirmation of the plan operated as res judicata on the claims. But because we have held that Highlands cannot file its amendment in this case because it is presenting a new claim, we need not address this issue on appeal.