**In re Larrison Cody GOODMAN, Debtor.**

**No. 98–71021–RCM–13.**

United States Bankruptcy Court, N.D. Texas, Wichita Falls Division.

April 6, 2001.

Robert O. Rafuse, Rafuse & Bianchi, Wichita Falls, TX, for debtor.

Waymon G. DuBose, Jr., Attorney, Tax Division, Department of Justice, Dallas, TX, for respondent.

## MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Bankruptcy Judge.

Larrison Cody Goodman, the debtor, objects to the second amended proof of claim filed by the Internal Revenue Service, requesting that the court disallow the amended claim and declare that the I.R.S. is bound by its original proof of claim. The I.R.S. seeks the allowance of the second amended proof of claim and dismissal of the debtor's objection. The court held a hearing on the objection on March 21, 2001.

The allowance of claims against a bankruptcy estate constitutes a core matter over which this court has jurisdiction to enter a final order. 28 U.S.C. §§ 157(b)(2)(B) and 1334. This memorandum opinion contains the court's findings of fact and conclusions of law. Bankruptcy Rules 7052 and 9014.

On October 24, 1997, Goodman filed a late 1995 income tax return reporting total tax due of $8,901.00 and an estimated penalty of $486.00, for a total of $9,387.00. Goodman did not submit a payment with the return. On November 17, 1997, the I.R.S. assessed a tax of $8,901.00 (the amount self-reported by Goodman on his 1995 income tax return) plus penalties of $3,378.82 and interest of $1,554.11, for a total of $13,833.93, and sent a notice of the assessment and request for payment to the debtor.

On October 2, 1998, Goodman filed a petition for relief under Chapter 13 of the Bankruptcy Code. On February 5, 1999, the I.R.S. timely filed a proof of claim, which included an estimated income tax of $3,812.00 for the 1995 tax year. On August 5, 1999, Goodman filed objections to claims, but he did not object to the claim filed by the I.R.S. On September 17, 1999, the court entered an order confirming Goodman's Chapter 13 plan. The plan estimates that unsecured claims will be paid in full.

On November 9, 2000, the I.R.S. filed a first amended proof of claim that increased the amount of the 1995 income tax liability to $8,499.41 ($5,889.00 of tax and $2,610.41 of interest), reflecting the balance due at the date of the amendment, as opposed to the petition date. Meanwhile the I.R.S. applied a portion of Goodman's 1998 in-

come tax refund to the 1995 income tax liability. On December 7, 2000, Goodman moved the court for a turnover of that refund. Goodman withdrew the motion on December 28, 2000. Instead Goodman objected to the amended proof of claim.

On February 27, 2001, the I.R.S. filed a second amended proof of claim that further increased the amount of the 1995 income tax liability to $11,029.15 ($8,901.00 of tax and $2,128.15 of interest). The I.R.S. maintains that $11,029.15 is the correct amount due as of the petition date. Goodman's objection applies to the second amended proof of claim. The I.R.S. asserts that its second amended proof of claim should be allowed because it amends a timely filed proof of claim for 1995 by merely increasing the amount due for 1995.

Goodman objects to the amended claim because the I.R.S. filed it more than eighteen months after he filed his bankruptcy petition and more than one year after his Chapter 13 plan was confirmed. Goodman argues that it would be inequitable to allow the I.R.S. to amend its proof of claim because the I.R.S. knew that $8,901.00 was the amount owing when it filed its original proof of claim. Goodman reported that amount as being due on his 1995 income tax return.

Bankruptcy Rule 3001(f) provides that a proof of claim that is properly executed and filed constitutes prima facie evidence of both the validity and the amount of the claim. Amendments to timely filed proofs of claims are liberally permitted when they serve to cure a defect in the claim as originally filed, describe the claim with greater particularity, or plead a new theory of recovery based on the facts set forth in the original claim. *See In re Kolstad*, 928 F.2d 171, 175 (5th Cir.1991). The Fifth Circuit notes with approval that, in ruling on amendments to I.R.S. proofs

of claim, bankruptcy courts have considered:

(1) whether IRS is attempting to stray beyond the perimeters of the original proof of claim and effectively file a "new" claim that could not have been foreseen from the earlier claim or events such as an ongoing or recently commenced audit; and (2) the degree and incidence of prejudice, if any, caused by IRS's delay.

*Id.* at 176 n. 7. Goodman argues that confirmation of the plan should preclude the I.R.S. from increasing its claim for 1995. The plan included the original proof of claim amount for 1995. Goodman did not object to the claim and the court confirmed the plan. The allowance or disallowance of a claim cannot be precluded solely by confirmation of a plan. *See Matter of Howard*, 972 F.2d 639, 639–40 (5th Cir.1992) ("a chapter 13 plan which purports to eliminate or reduce a creditor's secured claim is res judicata as to that creditor only if the debtor has filed an objection to the creditor's claim."); *Matter of Taylor*, 132 F.3d 256, 260–63. Furthermore, the court has discretion to allow amendments to a claim after confirmation. *See In re Knowles*, Nos. 396–35673–RCM–13, Civ.A. 3:98–CV–2631, 1999 WL 718654, at *1 (N.D.Tex. Sept. 14, 1999).

Goodman is not prejudiced by the I.R.S.'s delay in correcting its proof of claim. Goodman will pay one hundred percent of his unsecured debt through his plan. Goodman knew, prior to filing his bankruptcy, the amount of his 1995 tax liability. Goodman asserts that he assumed the I.R.S. made a settlement offer by its initial claim for $3,812.00, as opposed to the $8,901.00 he reported, and that he relied on this figure in putting together his plan. Goodman has no basis for making that assumption. Since he knew the amount of the 1995 tax liability he report-

ed to the I.R.S. and since he offered a 100% plan, the only logical assumption Goodman could have drawn was that the I.R.S. erred in its proof of claim. The I.R.S. would have no reason to offer to accept less than 100% as the 1995 tax liability constituted a priority unsecured claim. The I.R.S. correctly observes that, because the debtor reported $8,901.00 as the amount due on his 1995 tax return, the amount of its amended claim comes to him as no surprise.[1] Based on the foregoing, the court finds that amendment of the I.R.S.'s claim would not prejudice the debtor.

Having found no prejudice to the debtor, the court next explores whether the I.R.S. is seeking to file a new claim. In *Kolstad* the debtor filed a claim on behalf of the I.R.S. for personal income tax and employee withholding taxes in an amount labeled "disputed." *Kolstad,* 928 F.2d at 172. Shortly before the hearing on the debtor's proposed plan of reorganization, the I.R.S. filed an amended proof of claim to cover the employee withholding taxes for which Kolstad was personally liable, asserting that $85,882.67 was owed. Both the bankruptcy and district courts granted summary judgment for the I.R.S. and the Fifth Circuit affirmed. The Fifth Circuit determined that a new claim was not being tardily asserted because the I.R.S.'s amended claim simply alleged a higher amount owed for the same type of tax liability as was asserted in the original proof of claim. The Court also found that neither the creditors nor Kolstad would be surprised by the amendment because Kol-

stad had initially listed the tax debt as "disputed" and was negotiating with the I.R.S. shortly before he filed for bankruptcy protection. The Court also noted that, if the I.R.S.'s amended claim was correct, its allowance would prevent a windfall to other creditors from a denial of the amendment.

The same rationale applies to the amendment here at issue. The amended claim is for income tax for tax year 1995 as was the original proof of claim. The I.R.S.'s amended claim simply alleges a higher amount owed by Goodman for the 1995 income taxes. Goodman was not surprised by the amount of the debt because it is the amount he reported on his tax return. Moreover, the I.R.S.'s claim is entitled to priority under 11 U.S.C. § 507(a)(8). Allowing the correct amount of the priority claim does not unfairly treat unsecured creditors. The I.R.S. is entitled to the priority. Finally, while the court is troubled by the delay of the I.R.S. in filing its amended proof of claim, Goodman has not shown that he cannot successfully complete his plan.

Based on the foregoing,

**IT IS ORDERED** that the objection to the second amended proof of claim filed by the Internal Revenue Service is **OVERRULED**, and the claim is **ALLOWED**.

---

**1.** Goodman's position would carry greater weight if the I.R.S. had not timely filed a proof of claim but instead came before the court on a motion to file a late claim. The I.R.S. knew the amount of 1995 tax Goodman reported due before the case was filed. The I.R.S. would have a difficult time explaining why it erred if it had to meet an "excusable neglect" standard. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395–97, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). However, in determining whether to allow amendments to timely filed claims, the focus is on prejudice to the debtor and whether the amendment asserts a new claim.