UNITED STATES of America,

v.

**Candace JOHNSTON.**

No. 4:00–CV–397–Y.

United States District Court, N.D. Texas, Fort Worth Division.

Aug. 16, 2001.

James M. Morrison, Attorney at Law, Jim Morrison & Associates, Fort Worth, TX, for Candace Johnston.

Manuel P. Lena, Jr., Attorney at Law, U.S. Department of Justice, Tax Division, Dallas, TX, for United States of America.

## OPINION ON APPEAL

MEANS, District Judge.

This appeal was filed by the United States of America, Internal Revenue Service ("the IRS"), challenging the bankruptcy court's April 13, 2000 Order Sustaining Debtor's Objection to Claim and the related Findings of Fact and Conclusions of Law filed on April 6. In the order, the bankruptcy court sustained the objection of debtor Candace Johnston ("Johnston") to the IRS's amended proof of claim, which amendment was filed on October 27, 1999, after the September 13, 1999 confirmation of Johnston's Chapter 13 plan of reorganization. For the reasons stated below, the Court concludes that the bankruptcy court's decision must be reversed.

### I. Jurisdiction and Standard of Review

The Court has jurisdiction to consider the bankruptcy court's order under 28 U.S.C. § 158(a)(1). The bankruptcy court's conclusions of law are subject to de novo review, but its factual findings may not be set aside unless they are clearly erroneous. *Sequa Corp. v. Christopher*, 28 F.3d 512, 514 (5th Cir.1994).

## II. Facts

On December 3, 1998, Johnston filed her Chapter 13 bankruptcy petition. On January 7, 1999, Johnston filed the required schedules in support of her petition. Johnston signed her schedules, declaring under penalty of perjury that she had read them and that they were true and correct to the best of her knowledge. On "Schedule A—Real Property," Johnston listed only her interest in her residence at 1146 Riverview Drive, Cleburne, Johnson County, Texas ("the Riverview Drive property"). She noted that the Riverview Drive property had a current value of $60,000 but was encumbered by a secured claim in the amount of $58,988. Thus, Johnston's total equity in the Riverview Drive property was $1,012. On "Schedule B—Personal Property," Johnston listed several items, including a "1/3 interest in father's estate," which she valued at $5,667.

On April 27, 1999, the IRS timely filed its original proof of claim, reflecting that Debtor owed the IRS $40,681.60 at the time she filed her bankruptcy petition for unpaid federal income tax liabilities for tax years 1988–1994 and 1996–1997. The IRS's proof of claim reflected a secured claim amount of $1,012, which represented Johnston's equity in her Riverview Drive property as reflected on her Schedule A, a priority claim of $684.66, and an unsecured general claim of $38,984.94. The IRS also supplied proof of its notices of federal tax liens for tax years 1988–1994 that had been filed prepetition in the real-property records of Johnson County, Texas.

Johnston's final chapter 13 plan and motion for valuation was filed on July 23, 1999. Johnston's final plan provided for the IRS's claim as reflected on its original proof of claim, thus allowing for a secured claim in the amount of $1,012, a priority claim in the amount of $684.66, and unsecured general claims in the amount of $38,984.94. After notice to interested parties, including the IRS, the bankruptcy court confirmed Johnston's plan on September 13.

Approximately four weeks later, on October 8, 1999, Johnston moved to sell certain real property located at 918 N. Willow Circle, Burleson, Johnson County, Texas, free and clear of all liens. This real property was formerly owned by Johnston's father, and a one-third interest in the property passed to Johnston immediately upon her father's death on August 25, 1998, several months before she filed her bankruptcy petition. Prior to her October 8, 1999 motion, however, Johnston never specifically revealed her interest in this real property in any of her bankruptcy filings, including the schedules supporting her bankruptcy petition. No amendments to her bankruptcy schedules specifically disclosing her interest in this real property or the amount of that interest were ever filed. The October 8 motion was the first written notification of Johnston's interest in this real property received by the IRS.

As a result, on October 27, the IRS filed its "Amendment # 1 Proof of Claim." The amendment contained the same gross amount of indebtedness as was reflected on the IRS's original claim, but sought to reclassify unsecured general tax liabilities to secured tax claims based upon Johnston's disclosure of her interest in the Willow Circle property and the fact that the IRS had already filed liens against all of her property in Johnson County. Specifically, the amendment reflected that Johnston was indebted to the United States in the gross amount of $40,681.60, with $24,995.33 being a secured claim, $684.66 a priority claim, and $15,001.61 an unsecured general claim. The amount of the secured claim was adjusted in the amendment from the amount contained in the IRS's original proof of claim to reflect the IRS's calculation of the value of Johnston's interests in

both the Riverview Drive and Willow Circle properties.

On November 3, Johnston filed her objection to the IRS's amended claim. After an evidentiary hearing, the bankruptcy court entered its findings and conclusions and its order sustaining Johnston's objection to the IRS's amended proof of claim. The bankruptcy court determined that Johnston had provided the IRS with adequate notice of her interest in her father's estate, including the Willow Circle real property.

### III. Analysis

■ In proceedings under Chapter 13 of the Bankruptcy Code, a creditor must file a proof of claim within ninety days of the first date set for the meeting of creditors. BANKR. R. 3002(c). Amendments to timely claims are, however, permitted. Specifically, Bankruptcy Rule 7015 provides that Federal Rule of Civil Procedure 15 regarding amended and supplemental pleadings "applies in adversary proceedings." BANKR. R. 7015. Though a claims proceeding may not be an adversary proceeding, Bankruptcy Rule 9014 permits the bankruptcy court to apply Rule 7015 to "contested matters." The IRS's amended claim set up a contested matter. Thus, Rule 9014 allowed the bankruptcy court to apply Rule 7015 to the IRS's amendment. Under Rule 7015, the bankruptcy court had the authority to permit the IRS's amendment if it arose out of the same "conduct, transaction, or occurrence" set forth in the IRS's original claim. FED. R. CIV. P. 15(c).

■ Additionally, the bankruptcy court had the equitable power to allow the amendment under 11 U.S.C. § 105(a). *See In re Unroe*, 937 F.2d 346, 349 (7th Cir. 1991). That statute provides as follows:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C.A. § 105(a) (West 1993). "Generously read, the court's power to prevent 'abuse of [process]' includes bending the time requirements for 'raising of an issue.' Equitable jurisdiction to permit amendments out-of-time does not conflict with, but rather fulfills, the statutory backdrop for bankruptcy proceedings." *Unroe*, 937 F.2d at 349–50 (concluding that bankruptcy court did not err, in deciding to permit an amended claim under its equitable jurisdiction, by taking into account matters outside the scope of Federal Rule of Civil Procedure 15(c)).

■ Johnston claims that the confirmation of her plan operated as *res judicata* against the IRS, thus barring its post-confirmation amendment. The confirmation of a plan is a final order and generally operates as *res judicata* regarding all matters that could have been raised prior to confirmation. *See Eubanks v. F.D.I.C.*, 977 F.2d 166, 171 (5th Cir.1992). Nevertheless, under appropriate circumstances, amendments to claims can be allowed post-confirmation. *See Knowles v. Internal Revenue Service*, No. Civ. A. 3:98–CV–2631, 1999 WL 718654, at *1 (N.D.Tex. Sept.14, 1999) (affirming bankruptcy court's allowance of amended claim filed post-confirmation); *In re Goodman*, 261 B.R. 415, 417 (Bankr.N.D.Tex.2001) (allowing claim amendment filed over a year after confirmation); *cf. Unroe*, 937 F.2d at 347–48, 350 (affirming bankruptcy court's allowance of amendment where amendment was filed pre-confirmation but was not objected to or ruled upon until after confirmation).

■ Thus, the bankruptcy court had the authority, under appropriate circumstances, to allow the IRS's post-confirmation amended claim. As a result, the question becomes whether the bankruptcy court erred in refusing to exercise that authority and allow the amendment. In reviewing the bankruptcy court's decision, this Court employs an abuse-of-discretion standard. *See In re Schwager,* 121 F.3d 177, 186 (5th Cir.1997) (concluding that bankruptcy court's decision to allow amendment under Rule 7015 was not an abuse of discretion); *Unroe,* 937 F.2d at 348 (reviewing bankruptcy court's equitable determination to allow amended claim under 11 U.S.C. § 105(a) under abuse-of-discretion standard). After careful review of the record, the Court concludes that the bankruptcy court abused its discretion by disallowing the amendment.

■ Rule 7015 requires that an amendment arise out of the same "conduct, transaction, or occurrence" set forth in the original claim. FED. R. CIV. P. 15(c). Amendments to claims under this rule are liberally allowed: "[a]mendments to timely creditor proofs of claim have been liberally permitted to 'cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim.'" *In re Kolstad,* 928 F.2d 171, 175 (5th Cir.) (quoting *In re Int'l Horizons, Inc.,* 751 F.2d 1213, 1216 (11th Cir.1985), *cert. denied,* 502 U.S. 958, 112 S.Ct. 419, 116 L.Ed.2d 439(1991)). In ruling on amendments to IRS claims, courts generally consider: "(1) whether [the] IRS is attempting to stray beyond the perimeters of the original proof of claim and effectively file a 'new' claim that could not have been foreseen from the earlier claim or events such as an ongoing or recently commenced audit; and (2) the degree and incidence of prejudice, if any, cause by the IRS's delay". *Kolstad,* 928 F.2d at 175, n. 7.

■ Unquestionably, the IRS's proposed amendment satisfied the requirements of this rule. The amendment simply allows for a higher secured claim based on Johnston's revelation of her interest in the Willow Circle property; it did not change the total amount of the IRS's claim, nor did it alter the basis for that claim. Consequently, it was not an attempt by the IRS to stray beyond the bounds of its original claim; rather, the IRS simply sought to restructure the components of its original claim. As a result, "the principal concern of claims amendment, that no new claim be tardily asserted, is absent." *Id.* at 175. Furthermore, Johnston was hardly unduly prejudiced by the amendment; she was well aware of the extent of her indebtedness to the IRS, the fact that the IRS had filed liens against her property in Johnson County, and that the IRS intended to fully pursue its claim, inasmuch as it had filed a timely proof of claim for the entirety of her indebtedness. And, any prejudice she might suffer from the IRS's amendment is attributable to her failure to adequately schedule her interest in the Willow Circle real property in the first place. Additionally, Johnston's other creditors were not unduly prejudiced by the amendment, "for they ... achieved an undeserved windfall from a denial of the amendment." *Id.* at 176.

■ Furthermore, equity required that the bankruptcy court exercise its discretion under 11 U.S.C. § 105(a) to allow the amendment. The bankruptcy code requires that debtors "file ... a schedule of assets and liabilities." 11 U.S.C.A. § 521(1) (West 1993). This provision "imposes upon bankruptcy debtors an express, affirmative duty to disclose all assets." *In re Coastal Plains, Inc.,* 179 F.3d 197, 208 (5th Cir.1999). The debtor is required "to fully disclose his property and his financial affairs, since 'a discharge is a privilege

granted the honest debtor, and is not a right accorded all bankrupts.'" *In re Dias,* 95 B.R. 419, 421 (Bankr.N.D.Tex. 1988) (quoting *In re Robinson,* 506 F.2d 1184, 1189 (2d Cir.1974)). Indeed, the Code is designed to require complete disclosure at the outset of the proceedings:

> The statutes are designed to insure that complete, truthful, and reliable information is put forward at the outset of the proceedings, so that decisions can be made by the parties in interest based on fact rather than fiction. As we have stated, "[t]he successful functioning of the bankruptcy act hinges both upon the bankrupt's veracity and his willingness to make a full disclosure." Neither the trustee nor the creditors should be required to engage in a laborious tug-of-war to drag the simple truth into the glare of daylight.

*Boroff v. Tully,* 818 F.2d 106, 110 (1st Cir.1987) (citations omitted). "[T]he integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets.... The interests of both the creditors, who plan their actions in the bankruptcy proceeding on the basis of information supplied in the disclosure statements, and the bankruptcy court, which must decide whether to approve the plan of reorganization on the same basis, are impaired when the disclosure provided by the debtor is incomplete." *Coastal Plains,* 179 F.3d at 208. The debtor's duty to make full disclosure is a continuing one. *Id.*

The bankruptcy rules require that the debtor's schedules be "prepared as prescribed by the appropriate Official Forms." BANKR. R. 1007(b)(1). These forms are appended to the bankruptcy rules. Form 6 concerns the debtor's schedules, and includes a form "Schedule A—Real Property." The directions for this schedule specifically require that the debtor

list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.

BANKR. OFFICIAL FORMS, FORM 6, SCHEDULE A. Johnston did not list the Willow Circle real property on this schedule, despite the fact that she knew she had an interest in this property at the time she filed her schedules. Furthermore, the Willow Circle property was not specifically identified anywhere in Johnston's schedules. None of Johnston's other pre-confirmation filings specifically mention the Willow Circle property. Despite her continuing duty to make full disclosures, Johnston never amended or supplemented her schedules to specifically identify the Willow Circle property or the approximate amount of her interest therein. The Court concludes that Johnston's failure to specifically disclose her interest in this real property in her bankruptcy filings prior to confirmation justified the IRS's post-confirmation amendment, and the bankruptcy court erred by concluding otherwise.

■ The bankruptcy court concluded that Johnston adequately disclosed her interest in this real property "[b]y listing [her] one-third interest in her father's estate on Schedule B." (Rec. V. I, at 4.) The Court disagrees. Schedule B pertains to personal, rather than real, property. In light of the debtor's disclosure obligations, it simply is unreasonable to conclude that a creditor is adequately apprised of the fact that the debtor has an interest in real property when it is not disclosed on the Schedule A nor otherwise specifically identified in any other filings. And, the bankruptcy court's suggestion that the IRS was

at fault by failing to adequately investigate the nature of Johnston's interest incorrectly allocates the burden. It was Johnston's burden to correctly schedule her property; the IRS should have been able to rely on the accuracy of those schedules.

 Finally, although apparently not a basis for its finding that Johnston's interest in the Willow Circle property was adequately disclosed, *see* Rec. Vol. I at 4, ¶ 3, the bankruptcy court found that Johnston, "through her agents, contacted the IRS regarding the proposed sale of the real estate belonging to her father's estate prior to confirmation." (Rec. Vol. I at 5, ¶ 11.) At the hearing before the bankruptcy court, Johnston testified that, prior to her plan confirmation, a paralegal and a title officer working on her behalf contacted the IRS in an attempt to work out a settlement that would allow for a sale of the Willow Circle property. Nevertheless, the IRS disputed Johnston's testimony, contending that it was never notified, orally or otherwise, about the Willow Circle property prior to Johnston's October 8 filing. Regardless of the bankruptcy court's resolution of this dispute, the bankruptcy code, rules, and official forms required Johnston to specifically list her interest in the Willow Circle property on her Schedule A; that agents working on her behalf may have orally informed the IRS about the property is insufficient. *Cf. Jeffrey v. Desmond,* 70 F.3d 183, 186 (1st Cir.1995) (alleged oral disclosure of pending cause of action was not equivalent to listing it on schedules and therefore did not give rise to claim of abandonment under 11 U.S.C. § 554(c)). This is particularly true where, as here, Johnston failed to present any testimony from the actual persons who allegedly gave the oral notification to the IRS regarding the extent of the oral notification and the identity of the particular individual to whom that notification was made.

## IV. Conclusion

For the foregoing reasons, the bankruptcy court's decision that the IRS's amended proof of claim should be disallowed is REVERSED, and the April 13, 2000 order sustaining Johnston's objection to that claim is VACATED. This cause is hereby REMANDED to the bankruptcy court for any further proceedings necessary in light of this opinion.