**In the matter of DURANGO GEORGIA PAPER COMPANY, Durango Georgia Converting Corporation, Durango Georgia Converting, LLC, Debtors.**

No. 02–21669.

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

June 24, 2004.

See also 2004 WL 2181767, 314 B.R. 881 and 297 B.R. 316.

W. Brooks Stillwell, Hunter, Maclean, Exley & Dunn, Savannah, GA, for debtors.

### ORDER ON MOTION TO AMEND PROOF OF CLAIM FILED BY J. WALTER CONSTRUCTION, INC.

LAMAR W. DAVIS, JR., Chief Judge.

On October 29, 2002, creditors of Durango Georgia Paper Company ("Durango") filed an involuntary Chapter 7 bankruptcy petition against Durango under 11 U.S.C. § 303. Durango consented to the involuntary petition and moved for mandatory conversion to a Chapter 11. On November 19, 2002, Durango Georgia Converting Corporation and Durango Georgia Converting, LLC, filed voluntary petitions under Chapter 11. The three cases are being jointly administered.

On October 18, 2002, prior to the bankruptcy filing, J. Walter Construction, Inc., ("Movant") filed suit against Durango to recover funds for services rendered and to enforce a lien under the Georgia mechanics and materialman's lien statute. Pursuant to O.C.G.A. § 44–14–361.1(a)(4), a lien claimant has fourteen days to file a notice of the commencement of an action to perfect a lien. However, before Movant filed the notice and within the fourteen day time period allowed to file the notice, the

involuntary bankruptcy was filed against Durango and the automatic stay went into effect.

On November 20, 2002, Movant filed a motion requesting relief from the automatic stay in order to file a Notice of Commencement of Action in the Superior Court of Camden County as required by O.C.G.A. § 44–14–361.1. The Court held a hearing on the motion on January 9, 2003. In an Order filed March 31, 2003, this Court granted relief from stay for the limited purpose of allowing Movant to file a notice of action in the Superior Court of Camden County. The Order did not hold that the claim was, in fact, secured. It merely lifted the stay to allow Movant to continue its state court action asserting such a lien. Pursuant to that Order, Movant sent the notice to Debtor on April 3, 2003, and it was filed in the Superior Court of Camden County on April 11, 2003.

The claims bar date in the Debtors' case was March 19, 2003. On January 27, 2003, Movant timely filed a formal proof of claim in the amount of $326,124.69. The claim was filed as unsecured. Debtors' Schedule D lists Movant as a creditor holding a secured claim; however, a note on the Schedule clarifies that it "represents Notice of Lien and/or Notice of Furnishing and may not actually represent valid liens or encumbrances." On February 17, 2004, long after the bar date and long after this Court allowed Movant to send notice of its claim of lien, the Debtors and the Committee filed an Amended Disclosure Statement Accompanying the Joint Amended Plan of Liquidation. Exhibit F of the Disclosure Statement lists the Secured Creditor Claims, Proposed Collateral Value and Proposed Secured Claims. The Debtors' proposed collateral value for Movant's claim is listed as $0, with the notation that the valuation is "based on proof of claim filed as unsecured." Although Movant objected to the initial Disclosure Statement, Movant did not file an objection to its unsecured treatment under the Amended Disclosure Statement.

In the motion before the Court today, Movant now requests leave to amend its claim from unsecured to secured. The Committee of the Unsecured Creditors ("Committee") objected to Movant's Motion to Amend Proof of Claim. The Court held a hearing on the motion on May 13, 2004. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157.

The Committee asserts that Movant should be estopped from amending its claim from unsecured to secured solely because Movant has served on the Committee and owes a fiduciary duty to the general unsecured creditors. If Movant's claim is amended to secured status, it will dilute the distribution to the general unsecured creditors which according to the Committee, amounts to a breach of Movant's fiduciary duties. Movant argues that the amendment's purpose is to a cure a defect in the claim as originally filed and that the existence, nature and amount of the claim has remained constant.

The Eleventh Circuit has held that, "in a bankruptcy case, amendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim." *United States v. Int'l Horizons, Inc. (In re Int'l Horizons, Inc.)*, 751 F.2d 1213, 1216 (11th Cir.1985). The court noted that an amendment to a claim should be allowed only when "the original claim provided notice to the court of the existence, nature, and amount of the claim and that it was the creditors' intent to hold the estate liable." *Id.* at 1217.

■ Furthermore, the court directed, "the court must subject post bar date amendments to careful scrutiny to assure that there was no attempt to file a new claim under the guise of an amendment." *Id.* at 1216. Some courts have held that amending an unsecured claim to a secured claim equates to the filing of a new claim. *See, e.g., Highlands Ins. Co. v. Alliance Operating Corp. (In re Alliance Operating Corp.),* 60 F.3d 1174, 1175 (5th Cir.1995); *In re Walls & All, Inc.,* 127 B.R. 115, 118 (W.D.Pa.1991); *In re Nat'l Merch. Co.,* 206 B.R. 993, 999 (Bankr.M.D.Fla.1997). The courts reason that although the amount of the claim, the identity of the claimants and the basis of the claim remain unchanged, the nature of the claim is fundamentally different. *See In re Brown,* 159 B.R. 710, 714–15 (Bankr.D.N.J.1993). The Court declines to adopt a specific position on this issue today.

■ Instead, I will apply the totality of the circumstances analysis adopted by numerous courts to determine if the amendment of a claim should be allowed. These factors include:

1) Whether the debtor and creditors relied upon the earlier proof of claim or had reason to know that a subsequent proof of claim would be filed;

2) Whether other creditors would receive a windfall by refusing the amendment;

3) Whether the movant intentionally or negligently delayed in filing the amendment;

4) The justification for failure to file for an extension to the bar date;

5) Whether equity requires the consideration of other factors.

*See In re Miss Glamour Coat Co.,* 80–2 U.S.T.C. ¶ 9737, 1980 WL 1668 (S.D.N.Y.1980)(cited with approval by *In re Int'l Horizons,* 751 F.2d at 1218). Al-though the *Miss Glamour Coat* factors specifically address an amendment to a claim brought by the IRS, the factors also may be applied to a similar motion by other parties. *See, e.g., In re Marineland Ocean Resorts, Inc.,* 242 B.R. 748 (Bankr. M.D.Fla.1999).

■ In applying the factors to the case at bar, I conclude that it is not equitable to allow Movant to amend its proof of claim more than a year after the bar date. As to the first factor, although Movant's motion for relief might arguably qualify as an informal proof of claim asserting a secured claim, it was superceded by the later-filed formal proof of claim which listed Movant's claim as unsecured. Debtors and the Committee may have had reason to suspect that a subsequent proof of claim would be filed, but Movant's failure to act in a timely manner, and continued participation on the Committee, could have induced the parties to rely on the finality of the claim as filed.

With regard to the second factor, the unsecured creditors will not receive a windfall by refusing the amendment. The other creditors expected Debtors' liability to Movant to be unsecured, and disallowing the amendment would put the creditors in the position they anticipated when they jointly proposed the plan. However, allowing the amendment would dilute the other unsecured creditors' claims.

As to the third factor, Movant did not move to amend its proof of claim until one year after the Court lifted the automatic stay for the purpose of allowing Movant to file its notice of commencement of action in the Superior Court. Movant had opportunities to assert that its claim was secured prior to filing this motion to amend. For example, Movant did not object to the valuation of its claim as $0 in the Amended Disclosure Statement. Again, although other creditors might have taken pause to consider whether Movant intended to par-

ticipate as a secured or unsecured creditor, it was Movant's duty to make that election and communicate it clearly, preferably before the bar date, but certainly when the Amended Disclosure Statement clearly showed that Debtors did not consider the claim secured. Movant has provided no explanation for its seemingly unreasonable delay in filing its motion to amend or objecting to its unsecured treatment.

As to the fourth factor, Movant did not seek an extension to the bar date. The Court had a hearing on the motion for relief from stay prior to Movant's filing of its proof of claim, and the Court's Order allowing relief came down less than three weeks after the claims bar date. Under the circumstances, Movant likely could have demonstrated cause to extend the time for filing its proof of claim. Movant has provided no justification for its failure to seek an extension of the bar date.

The final prong of the analysis is whether equity requires the consideration of other factors. Movant sat on the Committee of the Unsecured Creditors for more than one year after the Order lifting the stay and allowing Movant to pursue a lien. Although this factor alone is an insufficient ground for denying leave to amend the proof of claim, when aggregated with the other factors, it weighs against granting leave to amend.

Pursuant to the foregoing analysis, the Court concludes that the equities weigh in favor of denying Movant's Motion to Amend Proof of Claim.

### ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that Movant's Motion to Amend Proof of Claim is DENIED.